**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street
Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Warren J. Martin Jr., Esq.
Rachel A. Parisi, Esq.

*Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EAST VILLAGE PROPERTIES LLC, *et al.*,[1] | Case No.: 17-22453 (RDD) |
| Debtors. | |

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE LOKSHIN ENTITIES TO ISSUE SUBPOENAS FOR THE EXAMINATIONS OF EAST VILLAGE PROPERTIES LLC,** *ET AL.***, GC REALTY ADVISORS LLC, DAVID GOLDWASSER, RAPHAEL TOLEDANO AND YONAH HALTON**

TO:   HON. ROBERT D. DRAIN, U.S.B.J.
      SOUTHERN DISTRICT OF NEW YORK

Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC, (the "Lokshin Entities"), by and through their undersigned counsel, Porzio, Bromberg & Newman, P.C., hereby submit this application ("Application"), on an *ex parte* basis, for entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Lokshin Entities to issue subpoenas for the examinations of East Village Properties LLC, *et al.*, GC

---

[1] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

3673215

Realty Advisors LLC, and David Goldwasser, Raphael Toledano and Yonah Halton, co-owners of the Debtor entities, and for the production of certain documents.

In support of this Application, the Lokshin Entities respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2004 and 9016 of the Bankruptcy Rules.

## BACKGROUND

2.      On March 28, 2017 (the "Petition Date"), each of the Debtors commenced a Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4.      No examiner, trustee or official committee of unsecured creditors has been appointed in these Chapter 11 cases.

5.      Prior to the Petition Date, one or more of the Lokshin Entities loaned approximately $2,000,000 to Raphael Toledano and various entities owned or managed by Raphael Toledano, including the Debtors (the "Loan"). Pursuant to a written Agreement and Restriction dated September 20, 2016, Raphael Toledano and the Debtors reaffirmed their obligation to repay the Loan and agreed to a negative covenant. The negative covenant stated that so long as the indebtedness remained outstanding to the Lokshin Entities, neither Raphael

2

Toledano nor the Debtors could "sell, convey, lease, alienate, mortgage, encumber, hypothecate, pledge or otherwise transfer, directly or indirectly, any real or personal property in which Toledano and/or [the Debtors] now or in the future has/have an interest (collectively, the 'Property'") or "permit any of the Property to be sold, conveyed, leased, alienated, mortgaged, encumbered, hypothecated, pledged or otherwise transferred, whether directly, or indirectly. Any action taken in contravention of the foregoing restriction shall be deemed to be void, *ab initio*."

6. Upon information and belief, Raphael Toledano and/or the Debtors transferred assets and/or changed the ownership structure of the Debtors (or attempted to do so) prior to the Petition Date in an effort to avoid their obligations to the Lokshin Entities.

## RELIEF REQUESTED

7. By this Application, the Lokshin Entities seek an Order pursuant to Bankruptcy Rule 2004, substantially in the form attached hereto as **Exhibit A**, authorizing the Lokshin Entities to issue subpoenas directing the examinations under oath of East Village Properties LLC, *et al*., GC Realty Advisors LLC, and the Debtors' owners, David Goldwasser, Raphael Toledano and Yonah Halton, and the production of certain documents.

## BASIS FOR RELIEF REQUESTED

8. Bankruptcy Rule 2004(a) provides that on the "Application of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

3673215

9. As the basic discovery device used in bankruptcy cases, "[t]he purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate" and "the inquiry may cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984) (internal citations omitted); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708-09 (Bankr. S.D.N.Y. 1991) (explaining that the intent of bankruptcy law in general—and Rule 2004 specifically—is for the court to gain an accurate and detailed insight into the affairs of the debtor's estate).

10. Rule 2004 examinations are not limited to use by debtors and official committees. To the contrary, courts have repeatedly recognized that creditors and other parties in interest may utilize Bankruptcy Rule 2004 in order to conduct a Rule 2004 examination. *See In re Lehman Bros. Inc.*, No. 08-01420, 2008 WL 5423214, at *2-3 (Bankr. S.D.N.Y. Nov. 26, 2008) (granting Application filed by individual creditors to conduct Rule 2004 examination to determine "what is owed to these individuals"); *People's Bank v. Poirier (In re Poirier)*, 214 B.R. 53, 58 (Bankr. D. Conn. 1997) (stating that "[t]he broad scope and ready availability of a Rule 2004 Examination *provides a forum for an individual creditor* to question a debtor at great length on all matters relevant to the debtors' financial affairs . . . .") (emphasis added).

11. Here, the Lokshin Entities are "parties in interest" (creditors) with standing to seek authorization for, and to undertake, a Bankruptcy Rule 2004 examination of the Debtors, its parent, principals, subsidiaries and affiliates and/or other third parties. *See* 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter."). Further, the requested relief is well within the scope of Rule 2004 because it would assist the Lokshin Entities "in determining the nature and extent of the

4

3673215

bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

12. The Court has authority to grant a Rule 2004 Application *ex parte*. *See In re OAS S.A.*, 533 B.R. 83, 105 (Bankr. S.D.N.Y. 2015) (noting that requests for examination pursuant to Rule 2004 are "filed and usually granted *ex parte*"); *In re Toft*, 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) ("[A]n examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* Application."). Here, the Court should grant the Application on an *ex parte* and expedited basis in order for the Lokshin Entities to advance their investigation of the Debtors' businesses and financial affairs without the risk of spoliation. Indeed, certain prepetition transfers and changes in ownership that were made raise concerns of fraudulent behavior.

13. Moreover, the Lokshin Entities' investigation, and any facts and information discovered as a result thereof, will inure to the benefit of the Debtors' estates and their creditors insofar as it may lead to the discovery of certain assets, and will not be duplicative of any other investigation since there is not presently any appointed creditors committee.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Application has been made to this or any other Court.

## RESERVATION OF RIGHTS

15. The Lokshin Entities reserve all of their rights, remedies and defenses in these chapter 11 cases, including, but not limited to, all of their rights with respect to seeking relief pursuant to Rule 2004 and discovery on any matters unrelated to this Application.

WHEREFORE, for the reasons stated herein, the Lokshin Entities respectfully request that this Court enter an Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as

3673215

Exhibit A (a) authorizing the Lokshin Entities to issue subpoenas compelling the examinations of East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton; and (b) granting such other and further relief as this Court may deem just and proper.

Dated:  May 23, 2017

               **PORZIO, BROMBERG & NEWMAN, P.C.**
               *Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

               By  */s/ Warren J. Martin Jr.*
                  Warren J. Martin Jr.

3673215