**HEARING DATE AND TIME:**    **JULY 19, 2017 AT 10:00 AM EASTERN TIME**
        **OBJECTION DEADLINE: JULY 12, 2017 AT 4:00 PM EASTERN TIME**

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street
Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Warren J. Martin Jr., Esq.
Rachel A. Parisi, Esq.

*Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EAST VILLAGE PROPERTIES LLC, *et al.,*[1]<br><br>          Debtors. | Chapter 11<br><br>Case No.: 17-22453 (RDD)<br><br>(Jointly Administered) |

**MOTION TO HOLD RAPHAEL TOLEDANO IN CONTEMPT OF COURT PURSUANT TO FED. R. BANKR. P. 2004, 7004, 9016 AND FED. R. CIV. P. 45(g)**

TO:    HONORABLE ROBERT D. DRAIN, U.S.B.J.
         SOUTHERN DISTRICT OF NEW YORK

    Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC, (the "Lokshin Entities"), by and through their undersigned counsel, Porzio, Bromberg & Newman, P.C. ("Porzio"), hereby submit this motion ("Motion") to hold Raphael Toledano in contempt of court pursuant to Fed.

---

[1] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

3720936

R. Bankr. P. 2004, 7004 and 9016 and Fed. R. Civ. P. 45(g) for failure to produce documents in response to subpoena and failure to appear to testify at a deposition despite actual knowledge of same and good and proper service and notice of same. In support of the Motion, the Lokshin Entities respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 2004, 7004 and 9016 of the Federal Rules of Bankruptcy Procedure, and Federal Rule of Civil Procedure 45(g).

## RELEVANT BACKGROUND

1.     On March 28, 2017 (the "Petition Date"), each of the Debtors commenced a Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     On May 30, 2014, the Court entered an Order pursuant Rule 2004 of the Federal Rules of the Bankruptcy Procedure [Dkt. No. 92] (the "2004 Order") authorizing the Lokshin Entities to issue subpoenas (the "2004 Subpoenas") for the examination of East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Yonah Halton, and Raphael Toledano.

3.     All parties that received the 2004 Subpoenas filed motions to quash same except Raphael Toledano. *See* Dkt. Nos. 106, 108, and 112. This Court ultimately granted the motions to quash, without prejudice, in part due to Debtors' counsel's on-the-record claim that the to-be

filed plan would be a 100% plan for the general unsecured creditors. Although the Lokshin Entities were at that time precluded, without prejudice, from taking 2004 discovery of the Debtors, GC Realty Advisors LLC, David Goldwasser, and Yonah Halton, as discussed on the record at the hearing, they remained free to proceed with discovery of the Debtors' equity holder, Raphael Toledano.

4.  The 2004 Order authorized the Lokshin Entities to serve the 2004 Subpoenas via "regular, first-class U.S. mail with a copy to counsel, if applicable, …". *See* Dkt. No. 92.

5.  On June 1, 2017, the Lokshin Entities served a copy of the 2004 Order, application in support of same, and the 2004 Subpoenas with exhibits upon Raphael Toledano at 260 Central Avenue, Apt 224, Lawrence, NY 11559 (the "Lawrence NY Address), which is the address provided by the Debtors in the "List of Equity Security Holders" filed in this case on April 26, 2017 [Dkt. No. 41]. *See* Certification of Rachel A. Parisi, Esq. filed in support of the Motion (the "Parisi Cert."), at ¶ 4. Although not required by the 2004 Order, the documents were served via regular mail **and** via Federal Express Overnight for purposes of delivery confirmation. *See id.*; *see also* Cert. of Service [Dkt. No. 104]. Porzio received confirmation of delivery of the 2004 Subpoenas to Mr. Toledano's listed address. *See* Parisi Cert., at ¶ 4.

6.  The 2004 Order provides that within 14 days of service of the 2004 Subpoenas, Toledano was required to respond to the document requests included within the 2004 Subpoenas. *See* Dkt. No. 92.

7.  By June 15, 2017, the Lokshin Entities had not received any production of documents or any other response from Toledano. *See* Parisi Cert., at ¶ 5. Thus, on June 19, 2017, Porzio sent Toledano a letter to the Lawrence NY Address regarding his default, which also included a reminder about his scheduled deposition on June 29 and enclosed a check to

3720936

cover Toledano's expenses for the deposition. *See id.*, at ¶ 5. Porzio received confirmation of delivery of the June 19 letter. *See id.*, at ¶ 5.

8. Since Porzio did not hear back from Toledano after sending the June 19 letter, Porzio sent Toledano another follow up letter via Federal Express Overnight (enclosing all relevant documents, including the 2004 Subpoenas) at an address listed on one of Toledano's business web pages, raphaeltoledano.org—298 Fifth Avenue, New York, NY 10001. *See id.*, at ¶ 6. Federal Express, during an attempted delivery of the package, advised Porzio that Toledano and/or his business was not available or the business had otherwise moved or closed. *See id.*, at ¶ 6.

9. Thereafter, on June 28, 2017, Porzio attempted to send the follow up letter to Toledano at a different address publicly listed as his place of business for Brookhill Properties—777 Third Avenue, 25th Floor, New York, NY 10017. *See id.*, at ¶ 7. Upon attempted delivery, Porzio's courier was informed by building security that Brookhill Properties had moved several weeks prior with no forwarding information. *See id.*, at ¶ 7.

10. Simultaneously, Porzio sent the follow up letter to Toledano's email addresses publicly listed on his various business websites. *See id.*, at ¶ 8. In response to these emails, Porzio received Toledano's personal email address. *See id.*, at ¶ 8.

11. Upon receipt of Toledano's email address on the afternoon of June 28, Porzio sent a copy of all documents related to the 2004 Subpoenas to Toledano, with a reminder about his deposition the next day. *See id.*, at ¶ 9. Toledano replied to Porzio's email, stating that he would not appear. *See id.*, at ¶ 9.

12. Notably, Toledano's signature block in his email stated that Brookhill Properties was in fact located at 777 Third Avenue, but on the 17th Floor, not the 25th Floor. *See id.*, at ¶ 10.

3720936

Porzio contacted the courier service to find out if the package could be redirected from the 25th floor to the 17th floor. *See id.*, at ¶ 10. The courier informed Porzio that he had been advised by security that Brookhill had apparently moved from the building entirely. *See id.*, at ¶ 10.

13. On June 29, 2017, Porzio sent a reply email to Toledano, advising him that service had been proper, that a motion for contempt would be filed shortly, and that his attorney (if retained) should contact Porzio immediately to avoid such motion practice. *See id.*, at ¶ 11. Porzio copied Debtors' counsel due to the fact that Toledano was denying that he was affiliated with the address listed by the Debtors just two months ago on the docket. *See id.*, at ¶ 11.

14. Debtors' counsel, Mr. Greene, responded to Porzio's email, stating that Toledano "is not at that address and has not been there for a while. He also stated to me he was not served." *See id.*, at ¶ 12. When Porzio inquired of Mr. Greene as to when the Debtors would amend the two month old listed address for Toledano pursuant to Bankruptcy Rule 1007(i), neither Toledano nor the Debtors responded. *See id.*, at ¶ 12.

15. As a final effort to contact Toledano via mail, on June 29, 2017, Porzio delivered all relevant documents to the address listed for Toledano's company, Brookhill Property Holdings LLC, as the "DOS Process" address with the NYS Department of State: 2329 Nostrand Avenue, Suite M300, Brooklyn, NY 11210. *See id.*, at ¶ 13. On June 30, 2017, Federal Express informed Porzio that the package was "refused by recipient." *See id.*, at ¶ 13.

16. Despite proper service of the 2004 examination pursuant to the 2004 Order, and both Toledano's and Debtor's counsel's acknowledgement that Toledano has actual knowledge of the 2004 Subpoenas, it appears that Mr. Toledano has intentionally failed to produce documents and intentionally failed to appear to testify at a deposition.

**RELIEF REQUESTED**

17. By this Motion, the Lokshin Entities seek to hold Raphael Toledano in contempt of the Court for failure to produce documents in response to a document subpoena and failure to appear to testify at a deposition, and imposing sanctions to be determined by this Court. The Debtors are quickly moving this case forward. Now that it is clear that the proposed plan of reorganization may not be a 100% plan, it is even more important for the Lokshin Entities to enforce the 2004 Subpoenas on Toledano, who was the primary point of contact for the Lokshin Entities with respect to the Debtors during the prepetition period.

**BASIS FOR RELIEF REQUESTED**

18. Under Federal Rule 9016 of the Bankruptcy Code and Rule 45(g) of the Federal Rule of the Civil Procedures. "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Rule 45 grants the Court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond V. Simon*, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1364 (2nd Cir. 1991)).

A. **Toledano Was Properly Served with the 2004 Subpoenas**

19. In this case, there is no doubt that the Lokshin Entities properly served Toledano with the 2004 Subpoenas and related documents, and that Toledano failed to appear at his deposition and produce the documents requested in the 2004 Subpoenas. Specifically, Toledano was served with the 2004 Subpoenas at the address that the Debtors filed on the docket just two months ago. Toledano also refused to accept the package containing the 2004 Subpoenas at the address he provided to the NYS Department of State for his company, Brookhill Properties.

3720936

Other attempts to follow up with Toledano reveal that Toledano is either in the habit of moving his company frequently, or publishing false addresses on his websites and in his email signature block to avoid litigation with aggrieved persons.

20. The history of service attempts outlined herein complies with the 2004 Order, Bankruptcy Rule 7004, and due process considerations. As previously mentioned, the 2004 Order permits service of the 2004 Subpoenas via first class mail. Similarly, Bankruptcy Rule 7004 permits service by first class mail "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." For purposes of Rule 7004, the Lokshin Entities need only show that the Lawrence NY Address was once a valid dwelling house or usual place of abode for Toledano. *See In re MCG Limited Partnership*, 545 B.R. 74, 79 (Bankr. D. Del. 2016). The Debtors identified Toledano as an equity holder residing at the Lawrence NY Address just two months ago in documents filed with the Court.

21. Moreover, even if Debtors' counsel's assertion is true—that notwithstanding the fact that the Debtors listed Toledano at the Lawrence NY Address, he does not actually reside there—Porzio's other attempts to serve Toledano at his various business addresses, including the address listed with the NYS Department of State, are sufficient to deem service proper. Toledano's refusal to accept the package with the 2004 Subpoenas does not somehow negate proper service.

22. The service attempts identified herein also satisfy due process considerations. Where nonpersonal service is employed, "[s]o long as a defendant has had service reasonably calculated to give him actual notice of the proceedings, the requirements of due process are satisfied." *In re Outlet Dept. Stores, Inc.*, 49 B.R. 536 (Bankr. S.D.N.Y. 1985)(internal quotation

3720936

marks omitted). The 2004 Subpoenas were directed to Toledano at an address listed by the Debtors two months ago, as well as to all of Toledano's publicly listed business addresses. Thus, the service effectuated on Toledano was sufficient to give him actual notice of the 2004 Subpoenas. In fact, both Toledano's email and Debtors' counsel's email indicate that Toledano had actual notice of the 2004 Subpoenas. Because Toledano was aware of the 2004 Subpoenas, yet "attempted at least once to avoid service of process[] and conscious[ly] or willful[ly] chose not to engage counsel", Toledano had a full and fair opportunity to respond to the 2004 Subpoenas. *In re Delaney*, 504 B.R. 738, 751 (Bankr. D. Conn. 2014)(internal quotation marks omitted). Toledano should thus be held in contempt for his actions to avoid responding to the 2004 Subpoenas.

**B. Toledano Should be Held in Contempt For His Clear Attempts to Avoid Service and Failure to Properly Respond to the 2004 Subpoenas**

23.  There are three essential elements which must be established before a party can be held in civil contempt: (i) there must be an order that is "clear and unambiguous," *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,*, 389 U.S. 64, 75-79 (1967)), (ii) the proof of non-compliance with that order must be "clear and convincing," *id*. (quoting *NLRB v. Local 282*, 428 F.2d 994, 1001-02 (2d Cir. 1970)), and (iii) it must be shown that the contemnor has not "been reasonably diligent and energetic in attempting to accomplish what was ordered." *Id*. (quoting *Aspira of New York, Inc. V. Bd. Of Educ*., 423 F.Supp 647, 654 (S.D.N.Y. 1976)).

24.  The 2004 Order is "clear and unambiguous" – Toledano was required to provide written responses and appear at a deposition pursuant to the 2004 Subpoenas. He did not comply with either of these requirements.

3720936

25. Toledano's non-compliance is "clear and convincing" – notwithstanding his actual notice of the 2004 Subpoenas, he has failed to comply with same.

26. Toledano has not "been reasonably diligent and energetic in attempting to accomplish what was ordered." Mr. Toledano failed to respond to the 2004 Subpoenas and to appear at the deposition scheduled on June 29, 2017. Toledano's conduct described herein reflects a person who is intentionally avoiding and refusing to comply with the 2004 Order and 2004 Subpoenas.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Lokshin Entities respectfully request that this Court enter an Order directing Toledano to respond to the 2004 Subpoenas and appear at a deposition, and thereafter holding Mr. Toledano in contempt should he fail to once again comply with a court order.

Dated: July 6, 2017

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

By    */s/ Rachel A. Parisi*
      Rachel A. Parisi, Esq.

3720936