# EXHIBIT A



June 29,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **779278582179**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | C.POTTS | Delivery location: | 260 CENTRAL AVENUE |
| | | | LAWRENCE, NY 11559 |
| Service type: | FedEx Priority Overnight | Delivery date: | Jun 5, 2017 08:24 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 779278582179 | Ship date: | Jun 1, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

**Recipient:**
RAPHAEL TOLEDANO
260 Central Avenue
Apt. #224
LAWRENCE, NY 11559 US

**Shipper:**
Peri Balala
PORZIO, BROMBERG & NEWMAN
100 Southgate Parkway
3rd Floor
Morristown, NJ 07960 US

**Reference**                21047.08807

Thank you for choosing FedEx.

ORIGIN ID:LKKA    (973) 538-4006
PERI BALALA
PEPPER HAMBERG & NEWMAN
100 SOUTHGATE PARKWAY
3RD FLOOR
MORRISTOWN, NJ 07960
UNITED STATES US

TO  RAPHAEL TOLEDANO

260 CENTRAL AVENUE
APT. #224
LAWRENCE NY 11559

(973) 889-4120
INV:
PO:
REF: 21047.08807

DEPT:

SHIP DATE: 01JUN17
ACTWGT: 0.50 LB
CAD: 32336840/NET3850

BILL SENDER

TRK#  7792 7858 2179
0201

E4 POUA

FRI - 02 JUN 10:30A
PRIORITY OVERNIGHT

11559
NY-US    JFK

FedEx Express

J171117021401uv

546J1.6734/53C1

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

UNITED STATES BANKRUPTCY COURT

**Southern District of New York**

In re:  East Village Properties LLC, *et al.*[1]        Case No.: 17-22453 (RDD)
                    Debtors                              Chapter:   11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:                            **RAPHAEL TOLEDANO**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE: PORZIO, BROMBERG & NEWMAN, P.C. 156 WEST 56TH STREET, SUITE 803 NEW YORK, NY 10019 | DATE AND TIME: June 29, 2017 10:00 a.m |
|---|---|

The examination will be recorded by this method:    **Court Reporter**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE "EXHIBIT A" ATTACHED HERETO

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6 / 1 / 17

                            CLERK OF COURT

                    OR                *Rachel A. Parisi*

_____              _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC, who issues or requests this subpoena, are:

**Rachel A. Parisi, 100 Southgate Parkway, Morristown, New Jersey 07962**
**raparisi@pbnlaw.com   973-538-4006**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC ( 1812); 27 St Marks Place LLC ( 1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC ( 4317); 325 East 1 2'h Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

EXHIBIT A

## DOCUMENT REQUESTS

**No. 1.** Any and all documents and communications relating to the ownership interests in any of the Debtor-Entities, including but not limited to any and all documents and communications relating to an alleged transfer of interest in the Debtor-Entities made by Raphael Toledano to David Goldwasser and/or GC Realty Advisors LLC and/or Yonah Halton and/or Five PAC EV LLC.

**No. 2.** Any and all documents and communications relating to the ownership of Five PAC EV LLC.

**No. 3.** Any and all documents and communications relating to the ownership of FIA Capital Partners, LLC.

**No. 4.** That certain "Assignment, Acceptance and Assumption Agreement of Membership Interests in East Village Properties LLC" dated on or about July 27, 2016.

**No. 5.** Any and all documents and communications relating to the "Assignment, Acceptance and Assumption Agreement of Membership Interests in East Village Properties LLC" dated on or about July 27, 2016.

**No. 6.** That certain "Assignment of Membership Interests" dated on or about November 17, 2016.

**No. 7.** Any and all documents and communications relating to the "Assignment of Membership Interests" dated on or about November 17, 2016.

**No. 8.** Any and documents and communications relating to the purpose behind the Declarations signed on or about November 17, 2016 by David Goldwasser on behalf of East Village Properties LLC and GC Realty Advisors LLC.

**No. 9.** Any and all documents and communications among and between Raphael Toledano, David Goldwasser, Yonah Halton, GC Realty Advisors LLC, Five PAC EV LLC, and/or FIA Capital Partners, LLC related to the Debtor-Entities or to any direct or indirect ownership interest in the Debtor-Entities.

**No. 10.** A list of any and all payments made prior to the Petition Date by or on behalf of David Goldwasser and/or GC Realty Advisors LLC to Raphael Toledano, Yonah Halton, Five PAC EV LLC and/or FIA Capital Partner, LLC, and any and all documents and communications relating to same.

**No. 11.** Any and all documents and communications relating to Raphael Toledano's removal from management of the Debtor-Entities.

1

3679009

EXHIBIT A

**No. 12.** Any and all documents and communications that demonstrate the relationships among and between Raphael Toledano, David Goldwasser, Yonah Halton, GC Realty Advisors LLC, Five PAC EV LLC, and/or FIA Capital Partners, LLC.

**No. 13.** Any and all documents and communications relating to the management and ownership structures of the Debtor-Entities from the time of formation through today, including, but not limited to, the identity and name of each corporate officer and the role that each corporate officer served or serves in connection with each of the Debtor-Entities.

**No. 14.** All organizational structure charts of the Debtor-Entities identifying the legal name, type of entity, ownership and jurisdiction of organization from the time of formation through today.

**No. 15.** Any and all documents and communications relating to the Debtor-Entities' corporate offices, principal places of business, and headquarters for each of the Debtor-Entities from the time of formation through today.

**No. 16.** A detailed description of the role that David Goldwasser, Yonah Halton, Raphael Toledano, GC Realty Advisors LLC, FIA Capital Partners, LLC and/or Five PAC EV LLC has/had with each Debtor-Entity, and any documents and communications related to same.

**No. 17.** Any and all documents and communications relating to and identifying the voting rights and/or other powers of the members of each Debtor-Entity from the time of formation through today.

**No. 18.** A list of all authorized signatories of the Debtor-Entities from the time of formation through today, and all documents and communications reflecting the authority of such signatories.

**No. 19.** Any and all documents and communications relating to any debts owed by the Debtor-Entities and/or their predecessors in interest to the Lokshin Entities, including but not limited to the written "Agreement and Restriction" dated September 20, 2016 between Raphael Toledano on behalf of the Debtor-Entities and the Lokshin Entities.

**No. 20.** Any and all documents and communications relating to the "Agreement and Restriction" dated September 20, 2016.

**No. 21.** Any and all documents and communications relating to any direct or indirect transfer of money to the Debtor-Entities or for the benefit of the Debtor-Entities from an escrow account holding approximately $1.8 million related to property located at 125 West 16th Street, New York, NY 10011.

2

EXHIBIT A

**No. 22.** Any and all documents and communications reflecting the Debtors' decision to list "Abraham Lokshin" as a notice-only party on the Debtors' schedules.

**No. 23.** Any and all documents and communications relating to a proposed sale of the assets of the Debtor-Entities to Jeff Sutton and/or Joseph Sutton and/or Wharton Properties LLC.

**No. 24.** All organizational documents of the Debtor-Entities (*e.g.* certificates of incorporation, by-laws, certificates of partnership, partnership agreements, certificates of formation, limited liability company agreements).

**No. 25.** All minute books of the Debtor-Entities.

3

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street
Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Warren J. Martin Jr., Esq.
Rachel A. Parisi, Esq.

*Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EAST VILLAGE PROPERTIES LLC, *et al.*,[1] | Case No.: 17-22453 (RDD) |
| Debtors. | |

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE LOKSHIN ENTITIES TO ISSUE SUBPOENAS FOR THE EXAMINATIONS OF EAST VILLAGE PROPERTIES LLC, *ET AL.*, GC REALTY ADVISORS LLC, DAVID GOLDWASSER, RAPHAEL TOLEDANO AND YONAH HALTON**

TO:    HON. ROBERT D. DRAIN, U.S.B.J.
       SOUTHERN DISTRICT OF NEW YORK

Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC, (the "Lokshin Entities"),

by and through their undersigned counsel, Porzio, Bromberg & Newman, P.C., hereby submit

this application ("Application"), on an *ex parte* basis, for entry of an Order pursuant to Rule 2004

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Lokshin

Entities to issue subpoenas for the examinations of East Village Properties LLC, *et al.*, GC

---

[1] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

3673215

Toledano nor the Debtors could "sell, convey, lease, alienate, mortgage, encumber, hypothecate, pledge or otherwise transfer, directly or indirectly, any real or personal property in which Toledano and/or [the Debtors] now or in the future has/have an interest (collectively, the 'Property'") or "permit any of the Property to be sold, conveyed, leased, alienated, mortgaged, encumbered, hypothecated, pledged or otherwise transferred, whether directly, or indirectly. Any action taken in contravention of the foregoing restriction shall be deemed to be void, *ab initio*."

6.     Upon information and belief, Raphael Toledano and/or the Debtors transferred assets and/or changed the ownership structure of the Debtors (or attempted to do so) prior to the Petition Date in an effort to avoid their obligations to the Lokshin Entities.

## RELIEF REQUESTED

7.     By this Application, the Lokshin Entities seek an Order pursuant to Bankruptcy Rule 2004, substantially in the form attached hereto as **Exhibit A**, authorizing the Lokshin Entities to issue subpoenas directing the examinations under oath of East Village Properties LLC, *et al.*, GC Realty Advisors LLC, and the Debtors' owners, David Goldwasser, Raphael Toledano and Yonah Halton, and the production of certain documents.

## BASIS FOR RELIEF REQUESTED

8.     Bankruptcy Rule 2004(a) provides that on the "Application of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under the Rule may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

3

3673215

bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

12.   The Court has authority to grant a Rule 2004 Application *ex parte. See In re OAS S.A.*, 533 B.R. 83, 105 (Bankr. S.D.N.Y. 2015) (noting that requests for examination pursuant to Rule 2004 are "filed and usually granted *ex parte*"); *In re Toft*, 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) ("[A]n examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* Application."). Here, the Court should grant the Application on an *ex parte* and expedited basis in order for the Lokshin Entities to advance their investigation of the Debtors' businesses and financial affairs without the risk of spoliation. Indeed, certain prepetition transfers and changes in ownership that were made raise concerns of fraudulent behavior.

13.   Moreover, the Lokshin Entities' investigation, and any facts and information discovered as a result thereof, will inure to the benefit of the Debtors' estates and their creditors insofar as it may lead to the discovery of certain assets, and will not be duplicative of any other investigation since there is not presently any appointed creditors committee.

## NO PRIOR REQUEST

14.   No prior request for the relief sought in this Application has been made to this or any other Court.

## RESERVATION OF RIGHTS

15.   The Lokshin Entities reserve all of their rights, remedies and defenses in these chapter 11 cases, including, but not limited to, all of their rights with respect to seeking relief pursuant to Rule 2004 and discovery on any matters unrelated to this Application.

WHEREFORE, for the reasons stated herein, the Lokshin Entities respectfully request that this Court enter an Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>EAST VILLAGE PROPERTIES LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 17-22453 (RDD) |

**ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE LOKSHIN ENTITIES TO ISSUE SUBPOENAS FOR THE EXAMINATIONS OF EAST VILLAGE PROPERTIES LLC, *ET AL.*, GC REALTY ADVISORS LLC, DAVID GOLDWASSER, RAPHAEL TOLEDANO AND YONAH HALTON**

Upon the *ex parte* application, dated May 23, 2017 (the "Application"),[2] of the Lokshin Entities for entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing the Lokshin Entities to issue subpoenas to obtain the examinations of East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton and related documents in their respective possession, custody or control, as more fully described in the Application; and the Court having jurisdiction over the matter in accordance with 28 U.S.C. §§ 157 and 1334; and, after due deliberation, the Court having determined that the Application has established sufficient cause for the relief granted herein; and no additional notice or hearing being required except as set forth herein, it is hereby

ORDERED, that the Application is granted as set forth herein; and it is further

ORDERED, that the Lokshin Entities are authorized, pursuant to Fed. R. Bankr. P.

---

[1] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application

3673270

2004, to issue subpoenas to take the examinations under oath of East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton, which examinations shall be conducted upon at least 21 days' prior notice to East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton as provided herein, and shall be conducted at the law offices of Porzio, Bromberg & Newman, P.C., 156 W. 56th Street, New York, NY 10019 (the "Porzio New York Office"), unless otherwise agreed between the Lokshin Entities and East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton; and it is further

ORDERED that the Lokshin Entities are authorized, pursuant to Fed. R. Bankr. P. 2004, to serve upon East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton the document request annexed hereto as an exhibit, and East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton shall, within 14 days of service of the service of such subpoena as provided herein (a) provide the Lokshin Entities with the documents (including electronically stored information) in their respective possession, custody or control responsive to such request and (b) provide the Lokshin Entities with a privilege log for any documents withheld from the Lokshin Entities on the basis of any privilege; and it is further

ORDERED that the Lokshin Entities shall serve the foregoing subpoenas, a copy of this Order and the exhibit thereto, and the Application on East Village Properties LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton by regular, first-class U.S. mail with a copy to counsel, if applicable, and East Village Properties

2

3673270

LLC, *et al.*, GC Realty Advisors LLC, David Goldwasser, Raphael Toledano and Yonah Halton are required to serve all written responses to the Lokshin Entities as provided for in this Order by regular, first-class U.S. mail with copy via email to the Lokshin Entities' counsel Warren J. Martin Jr. whose email is wjmartin@pbnlaw.com; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 30, 2017
     White Plains, New York

                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

3673270

# EXHIBIT B

Track your package or shipment with FedEx Tracking                                    Page 1 of 1

**FedEx**      Shipping      Tracking      Manage      Learn      FedEx Office ®

My Profile    Support    Locations    English    Search or tracking number    Subr

Neidy Fuentes

## FedEx ® Tracking

**779435815286**

Ship date:                                          Actual delivery:
**Mon 6/19/2017**                                   **Tue 6/20/2017 12:24 pm**

**PORZIO**                        **Delivered**      Raphael Toledano
Neidy Fuentes                   Signed for by: D.DOWNEY    Apt. 224
100 Southgate Parkway                               260 Central Avenue
Morristown, NJ US 07982                             LAWRENCE, NY US 11559
973 889-5161                                        000 000-0000

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **6/28/2017 - Wednesday** | | |
| 1:33 pm | Returning package to shipper | JAMAICA, NY |
| | Return tracking number 733306172249 | |
| **6/20/2017 - Tuesday** | | |
| 12:24 pm | Delivered | LAWRENCE, NY |
| 8:20 am | On FedEx vehicle for delivery | JAMAICA, NY |
| 8:00 am | At local FedEx facility | JAMAICA, NY |
| 5:32 am | At destination sort facility | JAMAICA, NY |
| 4:30 am | Departed FedEx location | NEWARK, NJ |
| **6/19/2017 - Monday** | | |
| 11:43 pm | Departed FedEx location | NEWARK, NJ |
| 11:38 pm | Arrived at FedEx location | NEWARK, NJ |
| 10:45 pm | Left FedEx origin facility | EAST HANOVER, NJ |
| 5:50 pm | Picked up | EAST HANOVER, NJ |
| 11:30 am | Shipment information sent to FedEx | |

## Shipment Facts

| | | | |
|---|---|---|---|
| Tracking number | 779435815286 | Service | FedEx Standard Overnight |
| Weight | 0.5 lbs / 0.23 kgs | Delivery attempts | 1 |
| Delivered To | Residence | Total pieces | 1 |
| Total shipment weight | 0.5 lbs / 0.23 kgs | Terms | Not Available |
| Shipper reference | 21047.08807 | Packaging | FedEx Envelope |
| Special handling section | Deliver Weekday, Residential Delivery | Standard transit | 6/20/2017 by 8:00 pm |

**FedEx**                                                          Search or tracking number    Subr

| Customer Focus | Featured Services | Companies | Follow FedEx | United States - English |
|---|---|---|---|---|
| New Customer Center | FedEx Delivery Manager | FedEx Express | | |
| Small Business Center | FedEx Critical Inventory Logistics | FedEx Ground | | |
| Service Guide | FedEx SameDay | FedEx Office | | |
| Customer Support | FedEx Home Delivery | FedEx Freight | | |
| | FedEx TechConnect | FedEx Custom Critical | | |
| Company Information | FedEx HealthCare Solutions | FedEx Trade Networks | | |
| About FedEx | Online Retail Solutions | FedEx Cross Border | | |
| Careers | Packaging Services | FedEx Supply Chain | | |
| Investor Relations | Ancillary Clearance Services | | | |
| Subscribe to FedEx email | | | | |
| | Other Resources | | | |
| | FedEx Compatible | | | |
| | Developer Resource Center | | | |
| | FedEx Ship Manager Software | | | |
| | FedEx Mobile | | | |

Ask FedEx

© FedEx 1995-2017                    Careers | Global Home | Site Map | fedex.com Terms of Use | Security and Privacy



**PORZIO**
BROMBERG & NEWMAN P.C.

ATTORNEYS AT LAW

<div align="right">

RACHEL A. PARISI
MEMBER, NJ AND NY BARS
DIRECT DIAL NO.: 973-889-4261
E-MAIL ADDRESS: RAPARISI@PBNLAW.COM

</div>

June 19, 2017

**VIA E-MAIL AND FEDERAL EXPRESS**

Raphael Toledano
260 Central Avenue, Apt. 224
Lawrence, NY 11559

<table>
<tr><td>Re:</td><td colspan="2"><em>East Village Properties LLC, et al.</em></td></tr>
<tr><td></td><td>Case No.</td><td>17-22453</td></tr>
<tr><td></td><td>Our File No.</td><td>21047.08807</td></tr>
</table>

Dear Mr. Toledano:

Please be advised that this firm represents Abraham Lokshin, Naum Lokshin, and A&N Funding Co. (the "Lokshin Entities") in the above referenced matter. On May 30, 2017, the Court entered an Order authorizing the Lokshin Entities to issue Subpoenas pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure.

On June 1, 2017, we served you with a copy of the Application to Issue Subpoenas, the May 30, 2017 Order, and the Subpoena for Rule 2004 Examination with exhibit. We are enclosing Check No. 13715 in the amount of $75.00 for attendance and travel expenses related to your deposition scheduled for June 29, 2017 at 10:00 am. Please refer to the subpoena for further details regarding the deposition, which we have enclosed for your convenience.

Furthermore, please be advised that per the subpoena and Court Order entered on May 30, 2017, you were required to respond to the documents requests annexed to the subpoena within 14 days of service. As of today's date, we have not received your responses to the Lokshin Entities' document requests. Please be advised that in the event that we do not receive responses to the document requests by June 23, 2017, we will proceed to file a motion to hold you in contempt for failure to comply with the subpoena.

Should you have any questions, please contact us.

Very truly yours,

*Rachel A. Parisi*

Rachel A. Parisi

cc: Lokshin Entities (via email w/enclosures)

3709814



B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re:  East Village Properties LLC, *et al.*[1]       Case No.:  17-22453 (RDD)
                 Debtors                     Chapter:  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:             **RAPHAEL TOLEDANO**
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE:    PORZIO, BROMBERG & NEWMAN, P.C. <br> 156 WEST 56TH STREET, SUITE 803 <br> NEW YORK, NY 10019 | DATE AND TIME:    **June 29, 2017** <br> **10:00 a.m** |
|---|---|

The examination will be recorded by this method:    **Court Reporter**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE "EXHIBIT A" ATTACHED HERETO

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6 / 1 / 17

CLERK OF COURT

OR

_____        *Rachel A. Parisi*
Signature of Clerk or Deputy Clerk            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC, who issues or requests this subpoena, are:

**Rachel A. Parisi, 100 Southgate Parkway, Morristown, New Jersey 07962**
**raparisi@pbnlaw.com    973-538-4006**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street (2965); 66 East 7th Street LLC ( 1812); 27 St Marks Place LLC ( 1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC ( 4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

3676234

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows:    _____

_____  on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com
3676234

Best Case Bankruptcy

EXHIBIT A

## DOCUMENT REQUESTS

**No. 1.** Any and all documents and communications relating to the ownership interests in any of the Debtor-Entities, including but not limited to any and all documents and communications relating to an alleged transfer of interest in the Debtor-Entities made by Raphael Toledano to David Goldwasser and/or GC Realty Advisors LLC and/or Yonah Halton and/or Five PAC EV LLC.

**No. 2.** Any and all documents and communications relating to the ownership of Five PAC EV LLC.

**No. 3.** Any and all documents and communications relating to the ownership of FIA Capital Partners, LLC.

**No. 4.** That certain "Assignment, Acceptance and Assumption Agreement of Membership Interests in East Village Properties LLC" dated on or about July 27, 2016.

**No. 5.** Any and all documents and communications relating to the "Assignment, Acceptance and Assumption Agreement of Membership Interests in East Village Properties LLC" dated on or about July 27, 2016.

**No. 6.** That certain "Assignment of Membership Interests" dated on or about November 17, 2016.

**No. 7.** Any and all documents and communications relating to the "Assignment of Membership Interests" dated on or about November 17, 2016.

**No. 8.** Any and documents and communications relating to the purpose behind the Declarations signed on or about November 17, 2016 by David Goldwasser on behalf of East Village Properties LLC and GC Realty Advisors LLC.

**No. 9.** Any and all documents and communications among and between Raphael Toledano, David Goldwasser, Yonah Halton, GC Realty Advisors LLC, Five PAC EV LLC, and/or FIA Capital Partners, LLC related to the Debtor-Entities or to any direct or indirect ownership interest in the Debtor-Entities.

**No. 10.** A list of any and all payments made prior to the Petition Date by or on behalf of David Goldwasser and/or GC Realty Advisors LLC to Raphael Toledano, Yonah Halton, Five PAC EV LLC and/or FIA Capital Partner, LLC, and any and all documents and communications relating to same.

**No. 11.** Any and all documents and communications relating to Raphael Toledano's removal from management of the Debtor-Entities.

1

3679009

**No. 12.** Any and all documents and communications that demonstrate the relationships among and between Raphael Toledano, David Goldwasser, Yonah Halton, GC Realty Advisors LLC, Five PAC EV LLC, and/or FIA Capital Partners, LLC.

**No. 13.** Any and all documents and communications relating to the management and ownership structures of the Debtor-Entities from the time of formation through today, including, but not limited to, the identity and name of each corporate officer and the role that each corporate officer served or serves in connection with each of the Debtor-Entities.

**No. 14.** All organizational structure charts of the Debtor-Entities identifying the legal name, type of entity, ownership and jurisdiction of organization from the time of formation through today.

**No. 15.** Any and all documents and communications relating to the Debtor-Entities' corporate offices, principal places of business, and headquarters for each of the Debtor-Entities from the time of formation through today.

**No. 16.** A detailed description of the role that David Goldwasser, Yonah Halton, Raphael Toledano, GC Realty Advisors LLC, FIA Capital Partners, LLC and/or Five PAC EV LLC has/had with each Debtor-Entity, and any documents and communications related to same.

**No. 17.** Any and all documents and communications relating to and identifying the voting rights and/or other powers of the members of each Debtor-Entity from the time of formation through today.

**No. 18.** A list of all authorized signatories of the Debtor-Entities from the time of formation through today, and all documents and communications reflecting the authority of such signatories.

**No. 19.** Any and all documents and communications relating to any debts owed by the Debtor-Entities and/or their predecessors in interest to the Lokshin Entities, including but not limited to the written "Agreement and Restriction" dated September 20, 2016 between Raphael Toledano on behalf of the Debtor-Entities and the Lokshin Entities.

**No. 20.** Any and all documents and communications relating to the "Agreement and Restriction" dated September 20, 2016.

**No. 21.** Any and all documents and communications relating to any direct or indirect transfer of money to the Debtor-Entities or for the benefit of the Debtor-Entities from an escrow account holding approximately $1.8 million related to property located at 125 West 16th Street, New York, NY 10011.

2

3679009

No. 22. Any and all documents and communications reflecting the Debtors' decision to list "Abraham Lokshin" as a notice-only party on the Debtors' schedules.

No. 23. Any and all documents and communications relating to a proposed sale of the assets of the Debtor-Entities to Jeff Sutton and/or Joseph Sutton and/or Wharton Properties LLC.

No. 24. All organizational documents of the Debtor-Entities (*e.g.* certificates of incorporation, by-laws, certificates of partnership, partnership agreements, certificates of formation, limited liability company agreements).

No. 25. All minute books of the Debtor-Entities.

3679009

## DEFINITIONS

The following definitions apply to each of the requests set forth above:

1.      "All" when applied to the term "document" or any type of document, refers to every document, as defined in paragraph 4, below, which can be located, discovered or obtained by reasonably diligent efforts, including without limitation, all documents possessed by:  (a) you or all persons related to you whether directly or indirectly related; or (b) any other person or entity from whom you or persons related to you can obtain such documents request or which you or entities related to you have a legal right to bring within your possession by demand.

2.      "Among and between" and any derivation thereof shall mean any two or more of the group that follows such phrase.

3.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every exchange of information by any means.

4.      "Debtor-Entities" shall refer to East Village Properties LLC, 223 East 5th Street LLC, 229 East 5th Street LLC, 231 East 5th Street LL, 233 East 5th Street LLC, 235 East 5th Street LLC, 228 East 6th Street LLC, 66 East 7th Street LLC,  27 St Marks Place LLC, 334 East 9th Street LLC, 253 East 10th Street LLC, 325 East 12th Street LLC, 327 East 12th Street LLC, 329 East 12th Street LLC, 510 East 12th Street LLC, 514 East 12th Street LLC.

5.      "Document" means and includes all written, graphic or otherwise recorded matter, however produced or reproduced and whether or not now in existence, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all originals, copies, non-identical copies (or  copies different from the originals due to notes made on such copies or because of indications that such copies were sent to different individuals that the original or different for any other reason) and drafts of all:  (a) statements, reports, notes, memoranda, forms; (b) diaries, calendars, appointment books, telephone slips; (c) records, transcripts, computer printouts, recordings and memoranda of events, meetings, conferences, or telephone conversations; (d) correspondence, including letters, intra-office and inter-office communications and memoranda, telegrams, electronic mail messages, teletype messages and cables; and (e) ledgers, books of account, invoices, bills, expense account reports, vouchers and statements.

6.      "Lokshin Entities" shall mean Abraham Lokshin, Naum Lokshin, and A&N Funding Co. LLC.

7.      "Person" means a natural person, firm, proprietorship, association, partnership, corporation or other type of organization or entity.

8.      "Petition Date" means March 28, 2017.

9.      "Thing(s)" shall mean any tangible object encompassed within the most inclusive definition of this term in any decision from a court in this or any other controlling jurisdiction, including but not limited to any tangible things that constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of

4

Civil Procedure.

10.    The verbs "to relate to" and "to pertain to" and any conjugation or gerund of those verbs means, with regard to any fact, matter or event, to prove or disprove the fact, matter of event or to contain information concerning, explaining, relating or providing a background for understanding the fact, matter or event, or is evidence of or a result of the fact, matter or event or could lead to additional relevant information concerning, explaining, relating to or providing a background for understanding the fact, matter or event, or was produced, altered or signed and part of or as a result of the fact, matter or event.

5

## INSTRUCTIONS

1.    For each and every document herein requested which was formerly in your possession, custody or control and has been lost or destroyed, you are requested to submit in lieu of each such document a written statement which:

       (a)    describes in detail the nature of the document;

       (b)    identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

       (c)    specifies the date on which the documents was prepared or transmitted; and

       (d)    specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

2.    If you withhold from production any document under claim of privilege, set forth with respect to each such document the following:

       (a)    the author or originator;

       (b)    each addressee or recipient of the documents or any copy thereof;

       (c)    the date which the document bears, or if it bears no date, the date on which it was made;

       (d)    the title or subject matter of the document and a general description of its contents;

       (e)    the nature of the document (e.g., memorandum, telegram, chart, etc.); and

       (f)    the basis or bases for the claim of privilege.

3.    In answering these requests, you are to furnish all documents available to you, including documents in the possession of your attorneys, accountants, agents, or other representatives or affiliated entities, or any information otherwise subject to your custody or control.

4.    The requests herein should be read and construed to bring within the scope of the demand all documents which might otherwise be construed to be outside its scope.

5.    For each document produced in response to this request, you are requested to specifically identify the request it responds to or, if it responds to more than one request, each request to which it responds.

6.    This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

7.    You are requested to bate-stamp each document produced in response to this request.

3679009

# EXHIBIT C

FedEx | Shipping | Tracking | Manage | Learn | FedEx Office ®

My Profile | Support | Locations | 🌐 English | Search or tracking number | Subr

Lynne Walmach

## FedEx ® Tracking

**779491136013**

Ship date:
**Mon 6/26/2017**

Scheduled delivery:
**Pending**

**PORZIO**
Lynne Walmach
100 Southgate Parkway
Morristown, NJ US 07962
973 889-4254

**In transit**
At FedEx destination facility
NEW YORK, NY

**Brookhill Properties**
Raphael Toledano
6th Floor
298 Fifth Avenue
NEW YORK, NY US 10001
973 889-4254

### Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **6/28/2017 - Wednesday** | | |
| 9:07 pm | At local FedEx facility | NEW YORK, NY |
| 7:23 pm | Returning package to shipper Return tracking number 779514874408 | NEW YORK, NY |
| 6:21 pm | At local FedEx facility | NEW YORK, NY |
| 11:38 am | Delivery exception Customer not available or business closed | NEW YORK, NY |
| 10:48 am | Delivery exception Customer not available or business closed | NEW YORK, NY |
| 8:46 am | On FedEx vehicle for delivery | NEW YORK, NY |
| 8:22 am | At local FedEx facility | NEW YORK, NY |
| **6/27/2017 - Tuesday** | | |
| 6:30 pm | At local FedEx facility | NEW YORK, NY |
| 11:30 am | Delivery exception Customer not available or business closed | NEW YORK, NY |
| 11:20 am | Delivery exception Customer not available or business closed | NEW YORK, NY |
| 8:41 am | On FedEx vehicle for delivery | NEW YORK, NY |
| 8:27 am | At local FedEx facility | NEW YORK, NY |
| 4:35 am | Departed FedEx location | NEWARK, NJ |
| **6/26/2017 - Monday** | | |
| 11:45 pm | Departed FedEx location | NEWARK, NJ |
| 11:30 pm | Arrived at FedEx location | NEWARK, NJ |
| 10:45 pm | Left FedEx origin facility | EAST HANOVER, NJ |
| 5:43 pm | Picked up | EAST HANOVER, NJ |
| 12:17 pm | Shipment information sent to FedEx | |

### Shipment Facts

| | | | |
|---|---|---|---|
| Tracking number | 779491136013 | Service | FedEx Standard Overnight |
| Weight | 0.5 lbs / 0.23 kgs | Signature services | Adult signature required |
| Delivery attempts | 2 | Total pieces | 1 |
| Total shipment weight | 0.5 lbs / 0.23 kgs | Terms | Not Available |
| Shipper reference | 21047.08807 | Packaging | FedEx Envelope |
| Special handling section | Deliver Weekday, Adult Signature Required | Customer exception request number (CER) | 0628742966 |
| Standard transit | 6/27/2017 by 3:00 pm | | |

FedEx.

Search or tracking number | Subr

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support

**Company Information**
About FedEx

**Featured Services**
FedEx Delivery Manager
FedEx Critical Inventory Logistics
FedEx SameDay
FedEx Home Delivery
FedEx TechConnect
FedEx HealthCare Solutions
Online Retail Solutions

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx Cross Border

**Follow FedEx**

🇺🇸 United States - English

Ask FedEx



**PORZIO**
BROMBERG&NEWMAN P.C.

---

ATTORNEYS AT LAW          MORRISTOWN NJ • NEW YORK NY • PRINCETON NJ • WASHINGTON DC • WESTBOROUGH MA

RACHEL A. PARISI
MEMBER, NJ AND NY BARS
DIRECT DIAL No.: 973-889-4261
E-MAIL ADDRESS: RAPARISI@PBNLAW.COM

June 26, 2017

**VIA E-MAIL (contact@brookhillprop.com) AND FEDERAL EXPRESS**

Mr. Raphael Toledano
Brookhill Properties
298 Fifth Avenue, 6th Floor
New York, New York 10001

　　　　　　Re:　*East Village Properties LLC, et al.*
　　　　　　　　Case No.　　　17-22453
　　　　　　　　Our File No.　　21047.08807

Dear Mr. Toledano:

　　　　Please be advised that this firm represents Abraham Lokshin, Naum Lokshin, and A&N Funding Co. (the "Lokshin Entities") in the above referenced matter. On May 30, 2017, the Court entered an Order authorizing the Lokshin Entities to issue Subpoenas pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure.

　　　　On June 1, 2017, we served you with a copy of the Application to Issue Subpoenas, the May 30, 2017 Order, and the Subpoena for Rule 2004 Examination with exhibit. We are enclosing Check No. 13837 in the amount of $75.00 for attendance and travel expenses related to your deposition scheduled for June 29, 2017 at 10:00 a.m. Please refer to the subpoena for further details regarding the deposition, which we have enclosed for your convenience.

　　　　Furthermore, please be advised that per the subpoena and Court Order entered on May 30, 2017, you were required to respond to the documents requests annexed to the subpoena within 14 days of service. As of today's date, we have not received your responses to the Lokshin Entities' document requests. Please be advised that we reserve the right to file a motion to hold you in contempt for failure to comply with the subpoena.

　　　　Should you have any questions, please contact us.

　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　Rachel A. Parisi

cc: Lokshin Entities (via email w/enclosures)

100 SOUTHGATE PARKWAY, P.O. BOX 1997
MORRISTOWN, NJ 07962-1997
TELEPHONE (973) 538-4006
FAX (973) 538-5146
www.pbnlaw.com

3715128

| | | | Check #: | 13837 |
| --- | --- | --- | --- | --- |
| Vendor ID: | 28372 | | Check Date: | 2017-06-26 |

| Invoice Number | Invoice Date | Invoice Amount |
| --- | --- | --- |
| 062617RT | 6/26/2017 | 75.00 |
| | Total | 75.00 |



E3 TSSA

TRK#
0201
7794 9113 6013

TUE - 27 JUN 3:00P
STANDARD OVERNIGHT

ASR
NY-US

10001
EWR

TO
RAPHAEL TOLEDANO
BROOKHILL PROPERTIES
298 FIFTH AVENUE
6TH FLOOR
NEW YORK NY 10001
(973) 889-4254
REF: 2104720807

ORIGIN ID:LKXA   (973) 889-4254
LYNNE WALMACH
PO#220
100 SOUTHGATE PARKWAY

MORRISTOWN, NJ 07962
UNITED STATES US

BILL SENDER

SHIP DATE: 26JUN17
ACTWGT: 1.00 LB
CAD: 123394608/NET3850

FedEx
Express

546J1/A502/53C1

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

## Walmach, Lynne M.

| | |
|---|---|
| **From:** | Walmach, Lynne M. |
| **Sent:** | Monday, June 26, 2017 1:26 PM |
| **To:** | 'contact@brookhillprop.com' |
| **Cc:** | Parisi, Rachel A. |
| **Subject:** | East Village Properties LLC, et al. |
| **Attachments:** | 20170626132624.pdf |

Mr. Toledano,

On behalf of Rachel Parisi, Esq., please find attached letter dated June 26, 2017, with regard to the above matter.

**Walmach, Lynne M.**

| | |
|---|---|
| **From:** | Walmach, Lynne M. |
| **Sent:** | Monday, June 26, 2017 1:28 PM |
| **To:** | 'A Lokshin' |
| **Cc:** | Parisi, Rachel A. |
| **Subject:** | East Village Properties LLC, et al. |
| **Attachments:** | 20170626132624.pdf |

Please see attached

# NYS Department of State

## Division of Corporations

## Entity Information

The information contained in this database is current through July 3, 2017.

---

Selected Entity Name: BROOKHILL PROPERTY MANAGEMENT LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | BROOKHILL PROPERTY MANAGEMENT LLC |
| **DOS ID #:** | 4906300 |
| **Initial DOS Filing Date:** | MARCH 03, 2016 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

BROOKHILL PROPERTY MANAGEMENT LLC
298 5TH AVENUE 6TH FLOOR
NEW YORK, NEW YORK, 10001

**Registered Agent**

NONE

This office does not require or maintain
information regarding the names and addresses of
members or managers of nonprofessional limited
liability companies. Professional limited liability
companies must include the name(s) and address
(es) of the original members, however this

information is not recorded and only available by
viewing the certificate.

**\*Stock Information**

**# of Shares         Type of Stock          \$ Value per Share**

No Information Available

\*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date   Name Type                         Entity Name**

MAR 03, 2016  Actual          BROOKHILL PROPERTY MANAGEMENT LLC

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in
New York State. The entity must use the fictitious name when conducting its activities or business in
New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

# EXHIBIT D

**Fuentes, Neidy V.**

| | |
|---|---|
| **From:** | Raphael Toledano <rafi@brookhillprop.com> |
| **Sent:** | Wednesday, June 28, 2017 4:22 PM |
| **To:** | Fuentes, Neidy V. |
| **Subject:** | Re: Deposition confirmation |

Please be advised that I was never served with any documents or order referenced in your letter.
I have not been associated to the address which you apparently served those papers to.
I have no knowledge of this nor will I be appearing tomorrow as requested in your let.

When and if appropriately served, my counsel will respond accordingly.

Raphael Toledano
Principal
Brook Hill Properties
777 3rd Avenue, 17th Floor
New York, NY 10017
Office: (212) 858 - 9989
Cell: (516) 240-0184
Email: rafi@brookhillprop.com

On Wed, Jun 28, 2017 at 3:10 PM, Fuentes, Neidy V. <NVFuentes@pbnlaw.com> wrote:

Mr. Toledano,

We look forward to seeing you at the deposition tomorrow.

Thank you

Neidy V. Fuentes

Paralegal to Rachel A. Parisi, Esq.

**Neidy V. Fuentes**
**Paralegal**
**PORZIO, BROMBERG & NEWMAN, P.C.**
**100 Southgate Parkway, P.O. Box 1997 | Morristown, NJ 07962-1997**

**P: 973.889.5161 | F: 973.538.5146**
**nvfuentes@pbnlaw.com | www.pbnlaw.com**

This electronic communication, including any authorized attachments, contains information from the law firm of Porzio, Bromberg & Newman, P.C., that may be legally privileged, confidential, and exempt from disclosure under applicable law. This communication also may include content that was not originally generated by the firm. If you are not the intended recipient, any use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and delete it from all computers on which it may be stored. In addition, if you are not currently a client of the firm, this communication is not to be construed as establishing an attorney- client relationship.

# EXHIBIT E

**AFFIDAVIT OF:**      **STEVEN FRANK**

State of New Jersey   :

                      ss

County of Morris      :

    **STEVEN FRANK**              , being duly sworn deposes and says that:

1. On June 28th 2017, I personally attempted to deliver a **SUBPOENA** from the law offices of Porzio Bromberg & Newman to the attention of Brookhill Properties, 777 3rd Ave 25th Floor, New York, NY 10017.

2. Upon delivery, I was informed by building security that Brookhill Properties had moved several weeks prior with no forwarding information.

3. The time of the attempted delivery was 4:30p.m.

                           **STEVEN FRANK**

Sworn to and subscribed before
me, a Notary Public of New Jersey
This 29th day of  June  2017

**FRANK M. ONORATO**
**NOTARY PUBLIC OF NEW JERSEY**
My Commission Expires 4/7/2022

**Integrity Express, Inc.**
**14 Ridgedale Ave Ste 200**
**Cedar Knolls, NJ 07927**
**Tel. 973-326-1500*973-631-1113**

179295



# INTEGRITY EXPRESS INC.

### 14 Ridgedale Avenue, Suite 200, Cedar Knolls, NJ 07927
Tel: 973-326-1500 Fax: 973-631-1113
**Your Courier Service     YourJob - Your Way**

| TIME: | DATE: 6/28/17 | ORDER #: 179295 | CLIENT: 6 |
|---|---|---|---|

**PICK UP**

Contact: LYNNE WALMACH     Phone/Ext.
Co. Name: FORZIO BROMBERG
Address: 10A SOUTHGATE PKWY - 1st
City: MORRISTOWN     State: NJ     Zip:

**DROP OFF**

Contact: RAPHEAL TOLEDANO     Phone/Ext.
Co. Name: BROOKHILL PROPERTIES
Address: 777 3rd AVE 25th FR.
City: NYC     State: NY     Zip:

| # PCS. | Weight | Ref. # | Attorney Name: |
|---|---|---|---|
| 1 | | 2194708867 | PARISI |

Cash Outlay _____ Wait Time p/u _____

Ext Stop _____ Wait Time del _____

Ext Wt. _____ PM/Weekend _____

**SPECIAL INSTRUCTIONS:**

| P/U | Time 2:50 | Date 6-28-17 | Delivery | Time | Date |
|---|---|---|---|---|---|

Print Name _____     Print Name _____
Signature R. Hollemann     Signature _____

r/t print _____

r/t signature _____     time

## The Courier That Never Sleeps - 24 Hours, 7 Days A Week
ACCEPTED IN GOOD ORDER AND SUBJECT TO THE CONDITIONS AS SET FORTH ON REVERSE



# PORZIO
**BROMBERG&NEWMAN P.C.**

ATTORNEYS AT LAW        MORRISTOWN NJ • NEW YORK NY • PRINCETON NJ • WASHINGTON DC • WESTBOROUGH MA

RACHEL A. PARISI
MEMBER, NJ AND NY BARS
DIRECT DIAL NO.: 973-889-4261
E-MAIL ADDRESS: RAPARISI@PBNLAW.COM

June 28, 2017

**VIA HAND-DELIVERY**

Mr. Raphael Toledano
Brookhill Properties
777 Third Avenue, 25th Floor
New York, New York 10017

Re:     *East Village Properties LLC, et al.*
        Case No.        17-22453
        Our File No.     21047.08807

Dear Mr. Toledano:

Please be advised that this firm represents Abraham Lokshin, Naum Lokshin, and A&N Funding Co. (the "Lokshin Entities") in the above referenced matter. On May 30, 2017, the Court entered an Order authorizing the Lokshin Entities to issue Subpoenas pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure.

On June 1, 2017, we served you with a copy of the Application to Issue Subpoenas, the May 30, 2017 Order, and the Subpoena for Rule 2004 Examination with exhibit. We are enclosing Check No. 13871 in the amount of $75.00 for attendance and travel expenses related to your deposition scheduled for June 29, 2017 at 10:00 am. Please refer to the subpoena for further details regarding the deposition, which we have enclosed for your convenience.

Furthermore, please be advised that per the subpoena and Court Order entered on May 30, 2017, you were required to respond to the documents requests annexed to the subpoena within 14 days of service. As of today's date, we have not received your responses to the Lokshin Entities' document requests. Please be advised that we reserve the right to file a motion to hold you in contempt for failure to comply with the subpoena.

Should you have any questions, please contact us.

Very truly yours,

*Rachel A. Parisi*

Rachel A. Parisi

cc: Lokshin Entities (via email w/enclosures)

100 SOUTHGATE PARKWAY, P.O. BOX 1997
MORRISTOWN, NJ 07962-1997
TELEPHONE (973) 538-4006
FAX (973) 538-5146
www.pbnlaw.com

3719393

**Rorzio, Bromberg & Newman, PC**

| | | |
|---|---|---|
| | Check #: | 13871 |
| Vendor ID: 28372 | Check Date: | 2017-06-28 |

| Invoice Number | Invoice Date | Invoice Amount |
|---|---|---|
| 062817RT | 6/28/2017 | 75.00 |
| | **Total** | **75.00** |

# EXHIBIT F

**Fuentes, Neidy V.**

| | |
|---|---|
| **From:** | Parisi, Rachel A. |
| **Sent:** | Thursday, June 29, 2017 4:49 PM |
| **To:** | 'A. Mitchell Greene' |
| **Cc:** | rafi@brookhillprop.com; Martin Jr., Warren J.; Fuentes, Neidy V.; Fred B. Ringel; Steven Eichel |
| **Subject:** | RE: Deposition confirmation |

Thank you. When will the Debtors be updating the addresses of the equity holders, then?

**From:** A. Mitchell Greene [mailto:amg@robinsonbrog.com]
**Sent:** Thursday, June 29, 2017 4:47 PM
**To:** Parisi, Rachel A.
**Cc:** rafi@brookhillprop.com; Martin Jr., Warren J.; Fuentes, Neidy V.; Fred B. Ringel; Steven Eichel
**Subject:** Re: Deposition confirmation

Rachel I can verify that he is not at that address and has not been there for a while. He also stated to me he was not served.

Sent from my iPhone

On Jun 29, 2017, at 4:26 PM, Rachel A. Parisi <RAParisi@pbnlaw.com> wrote:

> Mr. Toledano –
>
> Thank you for your reply.
>
> We properly served you at the address that you and your companies listed on the bankruptcy docket in April of 2017 (see attached) pursuant to court order (also attached).  Although we were not required to serve via fedex or other similar service, we have confirmation that the documents were received at the address that you and your companies publicly listed.
>
> We have sent follow up letters to that same address (attaching the subpoena), as well as to your address listed on your raphaeltoledano.org website (298 5th Avenue, sixth floor, see http://raphaeltoledano.org/contact/), the address listed in your signature block below (777 3rd Avenue, 17th Floor), and the address listed in your employees' signature block (777 3rd Avenue, 25th Floor).
>
> Since you have been properly served, should we not hear from you by tomorrow before 4pm, we will be filing a contempt motion with the bankruptcy court.
>
> If you have retained an attorney in this matter, please immediately pass this email to your attorney and provide us with his/her contact information so that we can contact him/her as soon as possible.
>
> We thank you for your attention to this matter.
>
> -Rachel Parisi

**From:** Fuentes, Neidy V.
**Sent:** Thursday, June 29, 2017 8:13 AM
**To:** Parisi, Rachel A.
**Cc:** Martin Jr., Warren J.
**Subject:** FW: Deposition confirmation

See below.

**From:** Raphael Toledano [mailto:rafi@brookhillprop.com]
**Sent:** Wednesday, June 28, 2017 4:22 PM
**To:** Fuentes, Neidy V.
**Subject:** Re: Deposition confirmation

Please be advised that I was never served with any documents or order referenced in your letter.
I have not been associated to the address which you apparently served those papers to.
I have no knowledge of this nor will I be appearing tomorrow as requested in your let.

When and if appropriately served, my counsel will respond accordingly.

Raphael Toledano
Principal
Brook Hill Properties
777 3rd Avenue, 17th Floor
New York, NY 10017
Office: (212) 858 - 9989
Cell: (516) 240-0184
Email: rafi@brookhillprop.com

On Wed, Jun 28, 2017 at 3:10 PM, Fuentes, Neidy V. <NVFuentes@pbnlaw.com> wrote:

Mr. Toledano,

We look forward to seeing you at the deposition tomorrow.

Thank you

Neidy V. Fuentes

Paralegal to Rachel A. Parisi, Esq.

**Neidy V. Fuentes**

**Paralegal**

**PORZIO, BROMBERG & NEWMAN, P.C.**

**100 Southgate Parkway, P.O. Box 1997 | Morristown, NJ 07962-1997**

**P: 973.889.5161 | F: 973.538.5146**
**nvfuentes@pbnlaw.com | www.pbnlaw.com**

This electronic communication, including any authorized attachments, contains information from the law firm of Porzio, Bromberg & Newman, P.C., that may be legally privileged, confidential, and exempt from disclosure under applicable law. This communication also may include content that was not originally generated by the firm. If you are not the intended recipient, any use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and delete it from all computers on which it may be stored. In addition, if you are not currently a client of the firm, this communication is not to be construed as establishing an attorney- client relationship.

<List of Equity Security Holders.pdf>

<ORDER 5.30.17.pdf>

# EXHIBIT G



# FedEx ® Tracking

## 779529517601

| | | |
|---|---|---|
| Ship date: | | Scheduled delivery: |
| **Thu 6/29/2017** | | **Pending** |
| Morristown, NJ US | **Delivery exception** *JAMAICA, NY* | BROOKLYN, NY US |

**Unable to deliver shipment, returned to shipper**

**Recommended action:**
No action is required. The package is being returned to the shipper.

**No scheduled delivery date available at this time.**

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| 6/30/2017 - Friday | | |
| 6:39 pm | Returning package to shipper<br>Return tracking number 733306175763 | JAMAICA, NY |
| 3:47 pm | At local FedEx facility | JAMAICA, NY |
| 12:53 pm | Delivery exception<br>Refused by recipient | JAMAICA, NY |
| 8:20 am | On FedEx vehicle for delivery | JAMAICA, NY |
| 7:19 am | At local FedEx facility | JAMAICA, NY |
| 4:38 am | At destination sort facility | JAMAICA, NY |
| 3:35 am | Departed FedEx location | NEWARK, NJ |
| 12:06 am | Departed FedEx location | NEWARK, NJ |
| 6/29/2017 - Thursday | | |
| 11:51 pm | Arrived at FedEx location | NEWARK, NJ |
| 10:45 pm | Left FedEx origin facility | EAST HANOVER, NJ |
| 5:55 pm | Picked up | EAST HANOVER, NJ |
| 4:09 pm | Shipment information sent to FedEx | |

## Shipment Facts

| | | | |
|---|---|---|---|
| **Tracking number** | 779529517601 | **Service** | FedEx Standard Overnight |
| **Weight** | 0.5 lbs / 0.23 kgs | **Total pieces** | 1 |
| **Total shipment weight** | 0.5 lbs / 0.23 kgs | **Terms** | Shipper |
| **Shipper reference** | 21047.08807 | **Packaging** | FedEx Envelope |
| **Special handling section** | Deliver Weekday | **Standard transit** | 6/30/2017 by 3:00 pm |

FedEx. Search or tracking number Subı

Ask FedEx

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support

**Company Information**
About FedEx
Careers
Investor Relations
Subscribe to FedEx email

**Featured Services**
FedEx Delivery Manager
FedEx Critical Inventory Logistics
FedEx SameDay
FedEx Home Delivery
FedEx TechConnect
FedEx HealthCare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
FedEx Compatible
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx Cross Border
FedEx Supply Chain

**Follow FedEx**

United States - English

© FedEx 1995-2017

Careers | Global Home | Site Map | fedex.com Terms of Use | Security and Privacy

Ask FedEx

Page 1 of 1

ORIGIN ID:LKKA    (973) 889-5161
NEIDY FUENTES
PORZIO
100 SOUTHGATE PARKWAY

MORRISTOWN, NJ 07962
UNITED STATES US

SHIP DATE: 29JUN17
ACTWGT: 0.50 LB
CAD: 3233848/INET3850

BILL SENDER

TO  **RAPHAEL TOLEDANO**
**BOORKHILL PROPERTIES**
**2329 NOSTRAND AVENUE**
**SUITE M300**
**BROOKLYN NY 11210**
(973) 889-5161
REF: 21047.08907
INV:
PO:                          DEPT:

**FedEx**
Express

**E**

FRI - 30 JUN 3:00P

STANDARD OVERNIGHT

TRK#  **7795 2951 7601**
0201

**11210**
**JFK**

**ER PTRA**
NY-US



# EXHIBIT H

17-22453-rdd    Doc 138-3    Filed 07/06/17    Entered 07/06/17 14:58:06    Exhibit
Pg 55 of 56

# NYS Department of State

## Division of Corporations

## Entity Information

The information contained in this database is current through July 3, 2017.

Selected Entity Name: BROOKHILL PROPERTY HOLDINGS LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | BROOKHILL PROPERTY HOLDINGS LLC |
| **DOS ID #:** | 4756851 |
| **Initial DOS Filing Date:** | MAY 11, 2015 |
| **County:** | KINGS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

THE LIMITED LIABILITY COMPANY
2329 NOSTRAND AVENUE
SUITE M300
BROOKLYN, NEW YORK, 11210

**Registered Agent**

NONE

This office does not require or maintain
information regarding the names and addresses of
members or managers of nonprofessional limited
liability companies. Professional limited liability
companies must include the name(s) and address
(es) of the original members, however this

information is not recorded and only available by
viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAY 11, 2015 | Actual | BROOKHILL PROPERTY HOLDINGS LLC |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs    |    Privacy Policy    |    Accessibility Policy    |    Disclaimer    |    Return to DOS Homepage    |    Contact Us