UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

EAST VILLAGE PROPERTIES LLC et al.,

                                    Debtors.

--------------------------------------------------------x

**Hearing Date and Time:**
August 11, 2017 at 10:00 a.m.
**Responses due:**
August 4, 2017 at 5:00 p.m.

Chapter 11
Case No. 17-22453-RDD

Jointly Administered

## NOTICE OF HEARING ON
## DEBTORS' FIRST OMNIBUS OBJECTION
## SEEKING TO REDUCE OR EXPUNGE CLAIMS

**PLEASE TAKE NOTICE** that a hearing to consider the annexed *First Omnibus Objection Seeking to Reduce of Expunge Claims* (the "Objection") filed by East Village Properties and its affiliates (collectively, the "Debtors")[1] shall be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Avenue, White Plains, New York (the "Bankruptcy Court") on August 11, 2017 at 10:00 a.m., or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (d) be served upon special counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP Attn: Kevin J. Nash, 1501 Broadway, 22nd Fl., New York, New York 10036, so as to be received no later than August 4, 2017.

Dated: New York, New York
      July 12, 2017

                    Goldberg Weprin Finkel Goldstein LLP
                    Special Counsel for the Debtor
                    1501 Broadway, 22nd Fl.
                    New York, NY 10036
                    (212) 221-5700

By: _____
                    Kevin J. Nash

---

[1] The Debtors in these chapter 11 cases are as follows: East Village Properties LLC; 223 East 5th Street LLC; 229 East 5th Street LLC; 231 East 5th Street LLC; 233 East 5th Street LLC; 235 East 5th Street LLC; 228 East 6th Street LLC; 66 East 7th Street LLC; 27 St Marks Place LLC; 334 East 9th Street LLC; 253 East 10th Street LLC; 325 East 12th Street LLC; 327 East 12th Street LLC; 329 East 12th Street LLC; 510 East 12th Street LLC; and 514 East 12th Street LLC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                              Chapter 11

EAST VILLAGE PROPERTIES LLC et al.,                                 Case No. 17-22453-RDD

                                              Debtors.              Jointly Administered

-----------------------------------------------------------x

### DEBTORS' FIRST OMNIBUS OBJECTION
### SEEKING TO REDUCE OR EXPUNGE CLAIMS
### RELATING TO EAST VILLAGE PROPERTIES LLC

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

East Village Properties, LLC ("EVP")[1] together with all of its affiliated debtors

(collectively, the "Debtors")[2], by their Special Counsel, Goldberg Weprin Finkel Goldstein LLP,

hereby file this First Omnibus Objection (the "First Objection") seeking entry of an order

pursuant to section 502(b) of Title 11 of the United States Code (the "Bankruptcy Code") and

Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

expunging or reducing the claims as listed in Exhibit "A" annexed hereto, which relates to all

disputed claims asserted against EVP (the lead debtor).  For ease of analysis, the claims are

classified under various categories to differentiate as between trade and service debt, taxes,

tenant claims and insider claims in all of the various schedules and exhibits.

In support of the First Objection, the Debtors represent as follows:

---

[1] East Village Properties LLC (EVP) is the real estate holding company for the individual
properties, and holds 100% of the membership interest in the affiliated Debtors.
[2] The Debtors in these chapter 11 cases are as follows: East Village Properties LLC; 223 East 5th
Street LLC; 229 East 5th Street LLC; 231 East 5th Street LLC; 233 East 5th Street LLC; 235
East 5th Street LLC; 228 East 6th Street LLC; 66 East 7th Street LLC; 27 St Marks Place LLC;
334 East 9th Street LLC; 253 East 10th Street LLC; 325 East 12th Street LLC; 327 East 12th
Street LLC; 329 East 12th Street LLC; 510 East 12th Street LLC; and 514 East 12th Street LLC.

## JURISDICTION

1.      The Bankruptcy Court has jurisdiction to consider this Omnibus Objection under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(b) relating to allowance or disallowance of claims in bankruptcy.

2.      The statutory grounds for this Objection are predicated on Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007.

3.      Venue is proper in this District pursuant to 28 U.S.C §§ 1408 and 1409.

## BACKGROUND

4.      On March 28, 2017 (the "Petition Date"), each of the Debtors commenced a Chapter 11 case (the "Chapter 11 Cases") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

5.      No examiner, trustee or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6.      The Debtors, directly and indirectly, are owners of 15 multi-family apartment buildings located in the East Village of New York City (the "Properties").  The Properties were purchased as part of a portfolio in 2015 with the intention of transforming the buildings to mainly fair market rentals through a combination of renovations and tenant negotiations and buy-outs.

7.      The acquisition and renovation was funded primarily by institutional mortgage borrowing of more than $100 million, but also through so-called "friends and family" loans and contributions.  The project stalled and arrears mounted on the mortgage debt, leading to pre-

2

petition foreclosure actions and a host of tenant disputes. To quell the controversy, the Debtors sought Chapter 11 relief with a clear strategy to proceed promptly to a sale based upon a stalking horse bid from the Debtor's mortgagee, EVF1 LLC ("EVF1"). Besides waiving its secured claim, EVF1 has offered substantial additional funds of $13.5 million to pay legitimate claims and equity interests (including all administrative, priority, unsecured claims and a potential surplus).

8.      The Properties are currently being managed by Silverstone Property Group ("SPG"), the Debtors' managing agent, pursuant to the terms of (i) the Interim Stipulation and Order Between EVF1 and the Debtors (I) Authorizing and Directing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting related Relief, entered on April 27, 2017, and (ii) the Final Stipulation and Order Between EVF1 and the Debtors (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief, entered on May 19, 2017 (the "Cash Collateral Order").

9.      On April 25, 2017, this Court entered the Order Establishing Deadline for Filing Proofs of Claim Against and Interests in the Debtor and Approving the Form and Manner of Notice Thereof (ECF #36) (the "Bar Date Order"). The Bar Date Order established June 1, 2017 as the deadline for all creditors, with the exception of governmental units, to file proofs of claim against the Debtors.

10.     The Debtors have filed a second amended joint plan of reorganization (the "Plan"), pursuant to which the cases will be substantively consolidated, with the buildings to be sold at auction on August 7, 2017, subject to the credit bid from EVF1. A hearing on confirmation of the Plan is scheduled for August 18, 2017.

11.     Since expiration of the Bar Date, the Debtors have reviewed the claims, and prepared a series of objections.   The goal is to have a clear grasp on the likely scope of anticipated allowed claims so that projected distributions can be calculated and identified.

12.     The claims filed against the lead debtor, EVP, constitute the largest segment of debt.   The EVP claims are annotated in   Exhibit "A" to show both the category of the debt and the grounds for objection.

13.     Duplicate claims filed in more than one of the cases are listed in Exhibit "B".

14.     Other disputed claims filed against only one of the affiliated Debtors are separately listed in Exhibits "C" through "Q", with relevant annotation for the specific type of claim, and basis for objection.   Exhibits "C" through "Q" relate to each specific building by property address, with a corresponding schedule of specific objections, itemized as follows:

| Exhibit | Property | Case No. |
|---------|----------|----------|
| C | 223 East 5th Street | 17-22454 |
| D | 229 East 5th Street | 17-22455 |
| E | 231 East 5th Street | 17-22456 |
| F | 233 East 5th Street | 17-22457 |
| G | 235 East 5th Street | 17-22458 |
| H | 228 East 6th Street | 17-22459 |
| I | 66 East 7th Street | 17-22460 |
| J | 27 St. Marks Place | 17-22461 |
| K | 334 East 9th Street | 17-22462 |
| L | 253 East 10th Street | 17-22463 |
| M | 325 East 12th Street | 17-22464 |
| N | 327 East 12th Street | 17-22465 |
| O | 329 East 12th Street | 17-22467 |
| P | 510 East 12th Street | 17-22468 |
| Q | 541 East 12th Street | 17-22469 |

15.     All told, the First Objection covers a total of 62 claims (excluding duplicates), and is being filed as a single omnibus objection for the purposes of Bankruptcy Rule 3007(d) and (e).

## SUMMARY OF GROUNDS FOR OBJECTIONS

### A. Duplicate Claims

16.     By virtue of the proposed substantive consolidation of the bankruptcy cases under the Plan, claims that were filed against more than one of the Debtors are automatically deemed duplicative. Obviously, for purposes of Plan administration, only one distribution will be made to a particular creditor despite the filing of multiple claims. Accordingly, all duplicative claims are deemed expunged in favor of allowing a single claim in the lead case of EVP.

17.     The clearest example of claim duplication is the filing of identical secured claims by the secured creditor, EVF1, in each of the respective bankruptcy cases. Pursuant to prior stipulation, EVF1 shall have an allowed mortgage claim in the total amount of at least $13,226,429.20 as of May 16, 2017, including all principal, accrued interest, costs and fees. A complete list of nine (9) creditors who filed duplicate claims is annexed hereto as part of Exhibit "B".

### B. Claims that are Inconsistent with the Debtors' Books and Records

13.     Certain proofs of claim have been filed asserting monies due and owing which are overstated, unreasonable, or otherwise inconsistent with the Debtors' books and records. Accordingly, the Debtors seek either to reduce or expunge these claims, as notated under the hearing "Trade and Service Claims" in all of the attached schedules. This category of claims includes a variety of service providers, contractors and professionals (including pre-petition legal counsel). The goal is to use this First Objection as the initial platform to pursue negotiated settlements, failing which, the Debtors are prepared to litigate the merits of claims in a plenary hearing.

### C. Tenant Claims

14.    A number of tenants have asserted claims which have no foundation in law or in fact.  It appears that some of these claims may have been filed to preserve perceived rights or damages arising out of the pending sale of the Property.  Regardless of who emerges as the successful bidder at the Auction, however, the sale is subject to all existing tenant leases, so that there will be no rejection claims.

15.    Likewise, tenants are not entitled to personal injury related damages, consequential damages or rent abatements simply because work was performed at the buildings by the Debtors or their agents.  The Debtors, as owners, retained the right to perform maintenance and make renovations to the buildings.  Thus, any claims seeking damages should also be expunged.

16.    Other tenants have asserted claims based on prior buy-out agreements.  To the extent that the buy-outs are being consummated, the claims become moot.  To the extent that buy-outs are not consummated, then the tenant does not suffer damages since they retain their rights to reside in their apartments.

17.    In other instances, EVF1 has agreed to assume leases and cure any allowed arrears relating to rent concessions or security deposits.  A list of specific cure amounts shall be filed prior to confirmation, but in the interim, all such tenant claims should be expunged.

### D. Previously Paid Claims

18.    Certain of the creditors filed proofs of claim which have since been paid pursuant to the Cash Collateral Order.  In particular, New York City Department of Finance (the "City") filed proofs of claims against certain of the Debtors for real estate taxes, which have been paid to

stop the running of interest.  While the City withdrew most of these proofs of claim, certain paid

tax claims remain of record and should be expunged.

19.     Likewise, certain contractors, including CDP General Contractors LLP ("CDP"),

filed proofs of unsecured claims against each of the Debtors.  Because of ongoing work, EVF1

has paid or agreed to pay balances owed to the contractors, and these claims should be expunged.

### E.  Insider Claims

20.     The Debtors' lead principal, Raphael Toledano, raised operating funds and capital

from multiple sources, including business colleagues and friends.  In the aftermath of the stalled

project, these loans and advances have not been repaid, triggering certain litigation and other

repayment agreements made in contemplation of a bankruptcy sale.

21.     For purposes of the Plan, the claims of, among others, Yonah Halton ($4.7

million) and Accurate Funding LLC ($1.8 million) are being treated as insider debt, to be

subordinated to all other allowed claims.  Besides subordination, however, the Debtors are

reserving their rights to object to the specific amounts of various insider claims.  Additionally,

the Debtors reserve the right to re-characterize certain insider claims as potential equity interests

(not debt), depending on the final resolution of the confirmation and sale process.  This

reservation applies to Mr. Halton, who is a 49% member of EVP.

### STATUTORY FRAMEWORK

22.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  A chapter 11 debtor has the duty to object to the allowance of any

claim that is improper.  *See* 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107(a); *see also Int'l Yacht*

*& Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

23.    As set forth in Bankruptcy Rule 3001(f) a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Marian T. Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, n.13 (Bankr. S.D.N.Y. 2000). However, a proof of claim must "set forth the facts necessary to support the claim" for it to receive the *prima facie* validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

21.    The Debtors respectfully submit that the claims listed in the attached exhibits fail to provide sufficient substantiation to establish *prima facie* validity. In any event, even if the disputed claims are considered *prima facie* valid under Bankruptcy Rule 3001(f), a proof of claim retains that presumption only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (*quoting Allegheny*, 954 F.2d at 173-74). Once such an allegation is refuted, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.* In other words, once the *prima facie* validity of a claim is rebutted (as it has been here), "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

22.    Here, the disputed claims are not fully supported by actual and complete documentation. Accordingly, the filing of this First Omnibus Objection rebuts the factual

validity of the claims, and each creditor bears the burden of substantiating legitimacy of his, her,

or its claim.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting

the relief requested herein, and such other and further relief as may be just and proper.

Dated: New York, New York
July 11, 2017

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
Special counsel for the Debtor
1501 Broadway, 22nd Fl.
New York, NY 10036
(212) 221-5700

By: _____
Kevin J. Nash
A Member of the Firm

East Village Properties
Case No. 17-22453
Exhibit "A"

**Trade and Service Claims**

| Claimant | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| All Boro Consulting | 4 | $5,250.00 | $250.00 | No money due as per the Debtors' books and records |
| Belkin Burden Wenig et al | 6 | $523,774.92 | To be fixed under a standard of reasonableness | Not supported by actual time records. |
| Hansen Law Firm | 7 | $296,676.25 | To be fixed under a standard of reasonableness | Not supported by actual time records. |
| ALC Group LLC | 8 | $66,772.50 | $37,317.00 | Reduce as per the Debtors' books and records |
| CDP General Contractors | 15 | $39,000.00 | $0.00 | To be paid by EVF1 |
| Cesar Andres Benitez Villa | 20 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| Hon. Melvin L. Schweitzer as Temporary Receiver | 21 | $121,946.49 | $54,000.00 | To be fixed pursuant to stipulation |
| A Little of Everything Corp | 23 | Secured: $22,916.25 Unsecured: $294,622.00 | $0.00 | No money due as per the Debtors' books and records |

**Tenant Claims**

| Claimant | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| James Horwitz | 5 | Priority: $739.00 Unsecured: $2,820.00 | $0.00 | No money due as per the Debtors' books and records |
| Tina DiVello | 11 | $4,655.41 | $0.00 | No money due as per the Debtors' books and records |
| Mark Misto & Jaimie Kowalsky | 14 | Priority: $2,850.00 Unsecured: $15,025.00 | $0.00 | No money due as per the Debtors' books and records |
| Jennifer Bekman | 16 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| Mal Pattiarachi | 17 | $8,000.00 | $0.00 | No money due as per the Debtors' books and records |
| Patrick Moffett | 19 | $662,000.00 | $0.00 | No money due as per the Debtors' books and records |
| Nathaniel Ding | 22 | $52,258.00 | $0.00 | No money due as per the Debtors' books and records |
| Patricia Triana | 24 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| Nina Mandel | 25 | $5,089.00 | $0.00 | No money due as per the Debtors' books and records |

East Village Properties
Case No. 17-22453
Exhibit "A"

**Taxes**

| Claimant | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| IRS | 2 | $250.00 | $0.00 | No money due as per the Debtors' books and records |

**Insider Claims**

| Claimant | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Reservation |
|---|---|---|---|---|
| Yonah Halton | 9 | $4,700,000.00 | To be determined | Claim to be fixed based upon verification of actual monies advanced to the Debtors, and possible recharacterization |
| Accurate Funding LLC | 10 | $1,800,000.00 | To be determined | Claim to be fixed based upon verification of actual monies advanced to the Debtors, and possible recharacterization |

Exhibit "B"
Duplicate Claims

| Creditor | Basis for Objection |
|---|---|
| EVF1 LLC | Duplicate |
| A Little of Everything Corp | Duplicate |
| All Boro Consulting | Duplicate |
| Accurate Funding LLC | Duplicate |
| IRS | Duplicate |
| New York City Dept Finance | Duplicate |
| Nathaniel Ding | Duplicate |
| James Horwitz | Duplicate |
| Jennifer Bekman | Duplicate |

All duplicate claims are to be expunged from each case except the lead case of East Village Properties LLC (17-22453), where the surviving claims are subject to the objections set forth herein, as itemized in Exhibit "A".

Exhibit F

223 East 5th Street Property

Case No. 17-22454

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Christopher Andrew Hayes | 5 | $12,000.00 | $0.00 | To be paid by EVF1 |
| Park Avenue Appliance | 3 | $6,705.00 | $0.00 | No money due as per the Debtors' books and records |

Exhibit "D"
229 East 5th Street Property
Case No. 17-22455

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| April Diaz | 7 | Unknown | $0.00 | No money due as per the Debtors' books and records |
| Benjamin Tate Goodman | 13 | Unsecured: $7,000 Priority: $7,000 | $0.00 | No money due as per the Debtors' books and records |
| Anna Oleksiuk | 6 | Unknown | $0.00 | No money due as per the Debtors' books and records |

Exhibit 1
231 East 5th Street Property
Case No. 17-22456

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Judith Schwartz | 7 | Unliquidated | $0.00 | To be paid by EVF1 |

Exhibit F

233 East 5th Street Property
Case No. 17-22457

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Craig Smith & Emma Stone | 7 | Unliquidated | $0.00 | To be paid by EVF1 |

Exhibit "G"

235 East 6th Street Property

Case No. 17-22458

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Metro Group | 1 | $6,789.84 | $4,322.35 | Reduce as per the Debtors' books and records |
| Next Generation Restoration | 14 | $1,034.31 | $0.00 | To be paid by EVF1 |

Exhibit F

228 East 6th Street Property

Case No. 17-22459

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Consolidated Edison | 2 | $1,024.17 | $181.43 | No money due as per the Debtors' books and records |
| United Metro Energy | 1 | $9,822.60 | $7,813.30 | No money due as per the Debtors' books and records |

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Sameh Elguizaoui | 6 | Unliquidated | $0.00 | To be paid by EVF1 |
| Mui Yang Kwan | 13 | $32,000.00 | $0.00 | No money due as per the Debtors' books and records |

Exhibit 1

66 East 7th Street Property
Case No. 17-22460

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Jessica Dexheimer | 10 | $2,025.00 | $0.00 | To be paid by EVF1 |
| Alessandro Franze | 3 | $25,830.00 | $0.00 | To be paid by EVF1 |

27 St. Marks Property
Case No. 17-22461

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Next Generation Restoration | 12 | $4,110.03 | $0.00 | To be paid by EVF1 |

Exhibit B

334 East 9th Street Property
Case No. 17-22462

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Cloak & Dagger Designs | 6 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| United Metro Energy | 1 | $8,229.68 | $6,564.89 | Reduce as per the Debtors' books and records |

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Luisa Martins Baeta Bastos | 10 | $18,000.00 | $0.00 | To be paid by EVF1 |
| Tom Gerard Luttikhuis | 14 | $6,900.00 | $0.00 | No money due as per the Debtors' books and records |
| Emma Mondadori | 13 | $2,500.00 | $0.00 | To be paid by EVF1 |

Exhibit F
253 East 10th Street Property
Case No. 17-22463

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| United Metro Energy | 1 | $8,109.77 | $5,849.34 | Reduce as per the Debtors' books and records |

Exhibit M-1

325 East 12th Street Property

Case No. 17-22464

## Tenant Claims

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Kathleen Berry | 6 | $2,500.00 | $0.00 | To be paid by EVF1 |
| Trissy Callan | 20 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| William Engel | 9 | Unliquidated | $0.00 | To be paid by EVF1 |
| Elizabeth Haak | 10 | $1,620.00 | $0.00 | To be paid by EVF1 |
| Anna Hutchings | 12 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| Ellen Hutchings | 11 | $1,000,000.00 | $0.00 | No money due as per the Debtors' books and records |
| James Keegan | 23 | $73,140.00 | $0.00 | To be paid by EVF1 |
| Cate McNider | 21 | Unliquidated | $0.00 | No money due as per the Debtors' books and records |
| Kathleen Wakeham | 7 | $2,969.10 | $0.00 | To be paid by EVF1 |

## Trade and Service Claims

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| NYC Dept Housing Preserv. | 1 | $82,025.00 | $0.00 | No money due as per the Debtors' books and records |
| NYC Dept Housing Preserv. | 19 | $358.88 | $0.00 | No money due as per the Debtors' books and records |

Exhibit N

327 East 12th Street Property
Case No. 17-22467

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Machiveni Tigrai | 10 | $260,000.00 | $0.00 | No money due as per the Debtors' books and records |

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Wald Environmental, Inc. | 4 | $2,919.00 | $1,699.00 | Reduce as per the Debtors' books and records |

Exhibit G
329 East 12th Street Property
Case No. 17-22467

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Justin Crabil | 11 | $1,483.00 | $0.00 | To be paid by EVF1 |

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Next Generation Restoration | 13 | $2,068.62 | $0.00 | To be paid by EVF1 |

Exhibit F-5

510 East 12th Street Property

Case No. 17-22468

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Jacqueline Payne | 14 | $13,682.50 | $0.00 | No money due as per the Debtors' books and records |
| Sarah Weaver | 8 | $123,920.20 | $0.00 | To be paid by EVF1 |

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| United Metro Energy | 1 | $9,822.60 | $3,927.56 | No money due as per the Debtors' books and records |

Exhibit C

541 East 12th Street Property

Case No. 17-22469

**Tenant Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| Jessica Lee | 12 | $51,945.67 | $0.00 | No money due as per the Debtors' books and records |
| Holly Slayton | 13 | $250,000.00 | $0.00 | No money due as per the Debtors' books and records |

**Trade and Service Claims**

| Creditor | Claim No. | Claimed Amount | Amount to be Allowed | Basis for Objection |
|---|---|---|---|---|
| United Metro Energy | 1 | $12,064.21 | $0.00 | No money due as per the Debtors' books and records |