**ROBINSON BROG LEINWAND GREENE**
**GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York  10022
Telephone: (212) 603-6300
A. Mitchell Greene
Steven B. Eichel

*Attorneys  for the Debtors*

**Presentment Date:**
**August 23, 2017 at 12:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

**EAST VILLAGE PROPERTIES, LLC,**
*ET AL.[1]*

                              Debtors.
-------------------------------------------------------------X

Chapter 11

Case No. 17-22453 (RDD)

(Jointly Administered)

**DEBTORS' MOTION IN SUPPORT OF APPROVAL OF STIPULATION AND ORDER**
**RESOLVING CLAIMS FILED BY YONAH HALTON, THE LOKSHIN ENTITIES AND**
**ACCURATE FUNDING LLC PURSUANT TO BANKRUPTCY RULE 9019**

TO:    THE HONORABLE ROBERT D. DRAIN,
           UNITED STATES BANKRUPTCY JUDGE:

East Village Properties, LLC and its affiliated debtors, debtors and debtors in possession

(the "**Debtors**"), by their undersigned attorneys, Robinson Brog Leinwand Greene Genovese &

Gluck P.C., hereby files this motion (the "**Motion**") pursuant to Rule 9019 of the Federal Rules

of Bankruptcy Procedure ("**Bankruptcy Rules**") seeking the approval of the Stipulation and

Order Concerning Disposition and Settlement of the Claims filed by Yonah Halton ("Halton"),

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows:  East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

{00878599.DOC;1 }

Abraham Lokshin, Naum Lokshin and A& N Funding Co. LLC (the "Lokshin Entities") and

Accurate Funding LLC ("Accurate") (the "Stipulation"), a copy of which is annexed to this

Motion as Exhibit "A", which Stipulation effectively resolves the claims asserted by Halton, the

Lokshin Entities and Accurate by reducing more than $7million in secured claims and unsecured

claims asserted against the Debtors' estates.   In support of this Motion, the Debtors respectfully

state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and

1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory bases for the relief requested herein are §§105(a) of Title 11 of the

United States Code, 11 U.S.C. §§101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rule

9019.

## BACKGROUND

4.   On March 28, 2017 (the "Petition Date"), each of the Debtors commenced

Chapter 11 case (the "Chapter 11 Cases") by filing a voluntary petition for relief under Chapter

11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for

procedural purposes only.  The Debtors continue to manage and operate their businesses as

debtors in possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

5.   No examiner, trustee or official committee of unsecured creditors has been

appointed in these Chapter 11 Cases.

6.   The Debtors are owners of 15 multi-family real property buildings located in the

east village area of New York City (the "Properties"). The Properties are currently being

managed by Silverstone Property Group ("SPG"), the Debtors' managing agent, pursuant to the

terms of (i) the Interim Stipulation and Order Between EVF1 and the Debtors (I) Authorizing

and Directing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting

related Relief, entered on April 27, 2017, and (ii) the Final Stipulation and Order Between EVF1

and the Debtors (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and

(III) Granting Related Relief, entered on May 19, 2017.

7.   On or about April 25, 2017, this Court established June 1, 2017 as the last date to

file claims against the Debtors in their Chapter 11 Cases.

8.   On May 25, 2017, Halton filed Claim No. 9-1 in the case in the amount of

$4,700,000, which the Debtors have denominated as a Class 5 "Unsecured Insider" Claim under

the Debtors' plan (the "Halton Claim").

9.   On May 25, 2017, Accurate filed 16 proofs of claim [Claim No. 10-1 in Docket

No. 17-22453], one against each of the Debtors in the respective amounts of $1,800,000 for

money loaned (the "Accurate Claim").

10. On May 31, 2017, the Lokshin Entities filed 16 proofs of claim [Claim Number

18 in Docket No. 17-22453], one against each of the Debtors in the respective amounts of

$5,271,891.81 for money loaned (the "Lokshin Claim") claiming Class 3 Secured and/or Class 4

General Unsecured Creditor status.

11. The Debtors have objected to the Halton Claim, the Accurate Claim and the

Lokshin Claim asserting, among other things, the claims are not owed by the Debtors and are

overstated, or, even if valid, the Accurate Claim and the Lokshin Claim should be deemed Class

5 Unsecured Insider Claims, and that the Halton Claim should be more deeply subordinated.

12.    In the interest of avoiding the risks, uncertainties and expense of litigation, the

Debtors, Halton, Accurate, and the Lokshin Entities desire to resolve the claims objections

asserted against the creditors' filed claims.

13.    The hearing on the objection to the Halton Claim, the Accurate Claim and the Lokshin Claim was heard on August 11, 2017.  At the claims objection hearing, counsel for the Debtors appeared before the Court and advised the Court that it was negotiating a settlement of these claims and that duplicate claims were being expunged.  This Motion is in support of that settlement and the Debtors are submitting the attached Stipulation setting forth the terms of the settlement.

## THE SETTLEMENT AGREEMENT

14.    The salient terms of the Stipulation[2], are summarized in paragraphs 15 through 17 below.

15.    **Summary:**  The Lokshin Claim and the Accurate Claims are disallowed and expunged in their entirety, and their rights to recovery from the Debtors and third parties are based on the allowance of the Halton Claim in the Debtors' bankruptcy cases and distributions that they may receive from the sale of non-Debtor property located at 125 West 16th Street, New York, New York (the "West 16th Street Property").   Pursuant to the Stipulation, (i) Accurate receives the total sum of $1,650,000 on account of its claims and judgments not from the Debtors, but from the distributions that will be paid to Yonah Halton; (ii) the Lokshin Entities receive the sum of $2.5 million in the aggregate (the "Lokshin Recovery") from a combination of the sale of the West 16th Street Property and from distributions made in these cases on account of the Halton Claim; (iii) Halton receives the balance of distributions he would otherwise be entitled to on account of his Allowed Claim, after Accurate and the Lokshin Entities are paid, as well as the proceeds of the Lokshin Entities' interest in the sale of the West 16th Street Property (in whole or part), which shall be assigned and delivered to Halton by the Lokshin Entities once the Lokshin Entities receive the full Lokshin Recovery of $2.5 million; and (iv) neither the

---

[2] Defined terms shall have the meanings set forth in the Stipulation, as applicable.

Lokshin Entities nor Accurate shall have independent claims against the Debtors in these cases and instead both the Lokshin Entities and Accurate shall receive payments derivatively through Halton in these cases.

16.    **Mechanics of Settlement.**  The mechanics of the settlement is as follows:

(a)  Any funds to be distributed by the Disbursing Agent by and on account of the Class 5 Allowed Halton Claim shall be paid first to Accurate, up to the sum of $1.65 Million, and then to the Lokshin Entities up to the sum of $2.5 million.

(b)  At the time that distributions are to be made to Class 5 claimants in this case under any Plan confirmed in these cases, then, if, by that time, the Lokshin Entities have received the full Lokshin Recovery ($2.5 million) from the sale of the West 16th Street Property or other monetization of the Lokshin Entities' West 16th Street interest, then the Lokshin Entities shall not share in any way in the distributions made on account of the Allowed Halton Claim.

(c)  But, if by the time that distributions are to be made to Class 5 claimants in this case under the Plan confirmed in these cases, the sale of the West 16th Street Property has not been completed and the Lokshin Entities have received no payment on account of West 16th Street (or has received a sum on account of West 16th Street that is less than $2.5 million), then the Disbursing Agent under the confirmed plan shall direct all distributions on the Allowed Halton Claim following the distributions made to Accurate, to the Lokshin Entities up to the amount necessary to achieve an aggregate combined payment to the Lokshin Entities (from the sale of the West 16th Street Property and from these cases) of the Lokshin Recovery, i.e., $2.5 million.

(d)  To the extent that the sale of the West 16th Street Property has not been consummated prior to the time at which distributions are made, whereupon the Lokshin Entities receive up to $2.5 million from distributions on account of the Allowed Halton Claim, the

Lokshin Entities hereby assign to Halton all of their interest in any and all future distributions made on account of the West 16th Street Property over and above the Lokshin Recovery.  It is the intention of the Stipulation that Halton will receive from the Lokshin Entities the proceeds of the Lokshin Entities' interests in the West 16th Street Property, once the Lokshin Entities have first received the Lokshin Recovery from the distribution allocated to the Halton Claim.

(e)  Upon receipt of $1.65 million, Accurate hereby assigns to Halton certain of its rights and claims against Raphael Toledano ("Toledano") up to 50% of Halton's contributions. Accurate will provide Halton with all appropriate documentation to effectuate the assignment. Halton may use the judgments to collect up to $900,000 from Toledano, it being understood that his claims against Toledano pursuant to those judgments are in the nature of reimbursement and contribution.  However, prior to pursuing any collection effort against Toledano, Halton will provide Toledano with a period of one year from the date hereof to repay $900,000 to Halton.

(f)  Upon the Court's entry of this Stipulation and Order, Accurate will stipulate to vacate the TRO it obtained against Toledano in the New York State Supreme Court, Kings County; however, the TRO will be automatically deemed reinstated on consent if Accurate is not paid the full Accurate Recovery by October 31, 2017.

(g)  In the event that the Accurate Claims are not paid in full under the Plan, the provisions set forth in paragraph 16(e) above shall be null, void and of no force or effect *ab initio*.  Further, in the event that Accurate does not receive the full Accurate Recovery under the Plan, any funds that are received by Accurate shall be applied against the judgments and Halton and Toledano shall be jointly and severally responsible for any remaining balance of the judgments.  In the event that Accurate shall not receive the sum of $1.65 million from the initial distribution under the Plan, the Insiders (Halton and Toldedano) will have 60 days within which to pay Accurate the difference between $1.65 million and the amount received by Accurate upon

said initial distribution, and Accurate shall forbear from seeking to collect on its claims against

the Insiders during such 60 day period.

17.  **Releases.**  If Lokshin receives its $2.5 million, it releases the insiders Halton and

Toledano and they release the Lokshin Entities. If the Lokshin entities do not receive $2.5

million, then Toledano shall remain liable to the Lokshin Entities for the deficiency.

### REQUEST FOR APPROVAL OF THE
### STIPULATION AND ORDER

### RELIEF REQUESTED

18.  By this Motion, the Debtors seek, pursuant to Bankruptcy Rule 9019 approval of

the proposed Stipulation.

### BASIS FOR RELIEF

19.  The Bankruptcy Court "may approve a compromise or settlement" of the

estates claims or disputes with third parties. Fed. R. Bankr. P. 9019(a).  Rule 9019(a) of the

Bankruptcy Rules specifically provides that, "[o]n a motion by the trustee and after notice

and a hearing, the court may approve a compromise or settlement."  The legal standard for

determining the propriety of a bankruptcy settlement is whether the settlement is in the "best

interests of the estate."  In re Adelphia Communications Corp., 327 B.R. 143, 158 (Bankr.

S.D.N.Y. 2005) (citing In re Purofied Down Prods. Corp., 150 B.R. 519, 523 (S.D.N.Y.

1993).

20.  The Supreme Court has set the standard for bankruptcy judges to follow in

determining whether to approve compromises.  Protective Committee for Independent

Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); see 10 Collier

on Bankruptcy ¶9019.02[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.) (circuit

courts have adopted a uniform standard for governing the approval of compromises based on

TMT Trailer).  In considering whether to approve a settlement, a bankruptcy judge should:

> apprise [itself] of all facts necessary for an intelligent and objective
> option of the probabilities of ultimate success should the claim be
> litigated.  Further, the judge should form an educated estimate of
> the complexity, expense, and likely duration of such litigation, the
> possible difficulties in collecting on any judgment which might be
> obtained, and all other factors relevant to a full and fair assessment
> of the wisdom of the proposed compromise.

TMT Trailer, 390 U.S. at 424.

21.    Approval of a proposed settlement is within the sound discretion of the

bankruptcy court. *See* In re Remsen Partners, Ltd., 294 B.R. 557, 565 (Bankr. S.D.N.Y.

2002) (citing Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.), 762 F.2d 185,

189 (2d Cir. 1985)).  This however, does not require a trial, or mini-trial on the merits, but

rather, in reviewing the proposed settlement, "[t]he Court's responsibility is to 'canvass the

issues and see whether the settlement falls below the lowest point in the range of

reasonableness.'" In re Drexel Burnham Lambert Group, Inc. 134 B.R. 493, 496-97 (Bankr.

S.D.N.Y. 1991); see also, In re Remsen Partners, Ltd., 294 B.R. at 565 (citing In re

Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993)).

22.    In the Second Circuit, courts balance seven interrelated factors in determining

whether a settlement is fair and equitable.  *In re Iridium Operating LLC,* 478 F.3d 452 (2d Cir.

2007).  Those factors are:

> (1) the balance between the litigation's possibility of
> success and the settlement's future benefits;
>
> (2) the likelihood of complex and protracted litigation,
> "with its attendant expense, inconvenience, and delay,"
> including the difficulty in collecting on the judgment;
>
> (3) "the paramount interests of the creditors," including
> each affected class's relative benefits "and the degree to
> which creditors either do not object to or affirmatively
> support the proposed settlement";
>
> (4) whether other parties in interest support the settlement;

(5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

(6) "the nature and breadth of releases to be obtained by officers and directors"; and

(7) "the extent to which the settlement is the product of arm's length bargaining."

Id. at 462 (citations omitted).

23.     Accordingly, the Court should approve the Stipulation if, from the Debtors' perspective, it falls above the lowest point in the range of reasonableness.  Here, the Stipulation falls within the "range of reasonableness," and satisfies the standard for approval.

24.     The Debtors determined in their business judgment that entering into the settlement is in their best interest because the effect of the Stipulation is that the $1.8 million Accurate Claim and the $5,271,891.18 Lokshin Claim are being resolved by the filed insider unsecured claim of Yonah Halton, which is being allowed in the filed amount of $4.7 million. As a result, the Debtors are reducing the secured and unsecured claims against the estates by more than $7 million.  The Accurate Claim and the Lokshin Claim are being expunged in their entirety with Halton agreeing that from his allowed unsecured insider claim distribution, the Accurate Claim and Lokshin Claim will be paid in the priorities as provided for in the stipulation.  Therefore, there is only a benefit to the estates as the Stipulation expunges $7 million of secured claims and unsecured claims by allowing their payment from an already existing class 5 insider unsecured claim. Thus, general unsecured creditors receive a benefit from this settlement and all parties adversely affected have consented and executed the stipulation; no other party that is not a signatory to the stipulation is adversely affected by the settlement.

25.     The first two *Iridium* factors favor approving the proposed Stipulation. Although the Debtors believe that they would prevail in the litigations against Accurate and the Lokshin

Entities, the outcome of these claims objections are uncertain.  By this settlement, there is no increase in the amount of claims against the Debtors, only a reduction in the amount of the claims.  The proposed settlement reduces over $7 million in potential claims for the benefit of the Debtors' general unsecured creditors and Accurate and the Lokshin Entities are paid only from the Allowed Halton Claim.  Moreover, litigation would likely be protracted.  The Debtors and the Lokshin Entities had already exchanged documents and each had noticed the depositions of the other.  The Lokshin Entities had commenced depositions (but did not complete them) and by the settlement, the Debtors avoided the cost and expense of taking the depositions that they noticed, and avoided the cost of an evidentiary hearing.

26.    The Debtors have analyzed the likelihood of success on the merits of  the claims objections.  The Debtors believe that the claims objections would be fact intensive, expensive and that all litigation has inherent risks, both known and unknown, and no claim objection can be guaranteed of success.  Furthermore, in the event that the Debtors are not successful in the claims objections, the distribution to the unsecured creditors may be nominal.

27.    This settlement (i) represents the most cost effective and efficient solution to resolve the claims objections, and (ii) provides the Debtors with over $7 million in claims reductions.

28.    The third factor asks the court to evaluate whether the settlement is in the best interests of the creditors and the fourth factor looks to whether other parties in interest support the settlement. *Iridium,* 478 F. 3d at 465.  Both of these factors weigh in favor of the approval of the Stipulation.   In *Iridium*, the Second Circuit found that both of these factors weighed in favor of approval, where no creditors objected to the proposed settlement, except for an alleged administrative creditor, who was also the primary defendant in another action.   The court found it "telling that no other creditor object[ed] to the Settlement." Id.  Here, the Stipulation is in the

best interest of the Debtors, their estates and creditors because it (i) resolves the outstanding claims by reducing claims asserted against the Debtors by over $7 million, and (ii) avoids (a) protracted, expensive and uncertain litigation and (b) excessive delay in resolving the disputes and allows the Debtors to favorably resolve the claims and confirm the Plan.

29.     Thus, here, as in *Iridium*, the third and fourth factors favor approval of the Stipulation.

30.     The fifth factor is also satisfied because the court and counsel are competent and knowledgeable.  The sixth factor favors settlement because the releases are limited to these particular claims and the insiders are not released by all creditors.

31.     Finally, the Stipulation has been negotiated by and between the parties' respective counsel and is the product of good faith, arm's length bargaining.  The parties entered into the Stipulation on their own free will rather than continuing the litigation.

32.     The Debtors submit that the Stipulation is fair and reasonable, falls well above the lowest level of reasonableness and is in the best interests of the Debtors and their estate.

33.     Accordingly, the Debtors request that the Court approve the Stipulation.

## **NOTICE**

34.     The Debtors have provided notice via first class mail to (i) the Office of the United States Trustee; (ii) the holders of the thirty largest unsecured claims,  and (iii) parties who have filed notices of appearance in these cases. The Debtors submit that said notice is adequate and proper.

35.     No previous application for the relief herein requested has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully requests that the Court approve and authorize the

Stipulation, together with such other and further relief as is just and proper under the circumstances.

Dated:   New York, New York
         August 15, 2017

**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
**Attorneys for the Debtor**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: (212) 603-6300


By:   **/s/ A. Mitchell Greene**
      **A. Mitchell Greene**
      **Steven B. Eichel**

# EXHIBIT A

**PORZIO, BROMBERG & NEWMAN, P.C.**
156 West 56th Street
Suite 803
New York, NY 10019-3800
(212) 265-6888
(212) 957-3983 Facsimile
Warren J. Martin Jr., Esq.
Rachel A. Parisi, Esq.
*Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| EAST VILLAGE PROPERTIES LLC, *et al.,*[1] | Case No.: 17-22453 (RDD) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND ORDER CONCERNING DISPOSITION AND SETTLEMENT OF THE CLAIMS FILED BY YONAH HALTON, THE LOKSHIN ENTITIES AND ACCURATE FUNDING LLC

**IT IS HEREBY STIPULATED AND AGREED**, by and among the Debtors, Yonah

Halton ("Halton"), Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC (the "Lokshin

Entities"), and Accurate Funding LLC ("Accurate") (and together the "Parties"), individually and

by and through their respective counsel, as follows:

**WHEREAS**, on March 28, 2017 (the "Petition Date"), each of the 16 East Village

Debtors commenced Chapter 11 bankruptcy cases (the "Case") by filing voluntary petitions for

---

[1] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

3743263v7

relief under Chapter 11 of the Bankruptcy Code, with those cases currently being jointly administered under Docket No. 17-22453, In re East Village Properties, LLC; and

**WHEREAS**, on May 25, 2017, Halton filed Claim No. 9-1 in the case in the amount of $4,700,000, which the Debtors have denominated as a Class 5 "Unsecured Insider" Claim under their proposed Second Amended Chapter 11 Plan (the "Halton Claim"); and

**WHEREAS**, on May 25, 2017, Accurate filed 16 proofs of claim [Claim No. 10-1 in Docket No. 17-22453], one against each of the Debtors in the respective amounts of $1,800,000 for money loaned (the "Accurate Claim"); and

**WHEREAS**, on May 31, 2017, the Lokshin Entities filed 16 proofs of claim [Claim Number 18 in Docket No. 17-22453], one against each of the Debtors in the respective amounts of $5,271,891.81 for money loaned (the "Lokshin Claim") claiming Class 3 Secured and/or Class 4 General Unsecured Creditor status; and

**WHEREAS,** the Debtors have objected to the Halton Claim, the Accurate Claim and the Lokshin Claim asserting, among other things, the claims are not owed by the Debtors and are overstated, or, even if valid, the Accurate Claim and the Lokshin Claim should be deemed Class 5 Unsecured Insider Claims, and that the Halton Claim should be more deeply subordinated; and

**WHEREAS**, Accurate holds judgments against Halton and Raphael Toledano (collectively, the "Insiders") in excess of the aggregate amount of $1,800,000 issued by the New York State Supreme Court, Kings County; and

**WHEREAS**, a non-Debtor entity, West 16th Street Owner, LLC, is a co-obligor on the Lokshin Claim and is the owner of that certain property located at 125 W. 16th St., New York, NY (the "West 16th Street Property"); and

2

3743263v7

**WHEREAS**, the West 16th Street Property is currently in negotiations for a sale (the "West 16th Street Property Sale"), which sale, if successful, will likely result in a payment to the Lokshin Entities in the range of $2.0 million to $2.3 million; and

**WHEREAS**, the Parties hereto, following extensive settlement discussions, have reached an agreement for resolution of the Debtors' objections to the Halton Claim [Claim No. 9-1], the Accurate Claim [Claim No. 10-1] and the Lokshin Claim [Claim No. 18-1] predicated upon payments from multiple sources all as set forth herein.

**NOW, THEREFORE**, in full and final resolution and settlement of the Halton Claim, the Accurate Claim and the Lokshin Claim, it is hereby stipulated and agreed, and So Ordered by this Court, as follows:

Preamble: It is the intention of the Parties to this Stipulation that: (i) Accurate receive the total sum of $1,650,000 on account of its claims and judgments not from the Debtors, but from the distributions that will be paid to Yonah Halton herein; (ii) that the Lokshin Entities receive the sum of $2.5 million in the aggregate (the "Lokshin Recovery") from a combination of the West 16th Street Sale and from distributions made in these cases on account of the Halton Claim herein; (iii) that Halton receive the balance of distributions he would otherwise be entitled to on account of his Allowed Claim, after Accurate and the Lokshin Entities are paid, as well as the proceeds of the Lokshin Entities' interest in the West 16th Street Sale (in whole or part), which shall be assigned and delivered to Halton by the Lokshin Entities once the Lokshin Entities receive the full Lokshin Recovery of $2.5 million; and (iv) that neither the Lokshin Entities nor Accurate shall have independent claims against the Debtors in these cases and instead both the Lokshin Entities and Accurate shall receive payments derivatively through Halton in these cases. The mechanics of carrying out these intentions are as follows:

3

3743263v7

1.      Halton has executed the Assignment of Claim in the form annexed hereto as Exhibit A; partially assigning his right, title and interest in the Halton Claim No. 9-1 to the Lokshin Entities and to Accurate, on the terms and conditions set forth herein in the respective sums of $2,500,000 and $1,650,000;

2.      The Lokshin Claim No. 18-1, as well as all separately filed Lokshin Claims herein, shall be expunged and are hereby DISALLOWED in their entirety, as a result of their rights with respect to the Halton Allowed Claim No. 9-1 pursuant to this Stipulation.

3.      The Accurate Claim, No. 10-1, as well as all separately filed Accurate Claims herein, shall be expunged and are hereby DISALLOWED in their entirety, as a result of their rights with respect to the Halton Allowed Claim No. 9-1 pursuant to this Stipulation.

4.      Halton Claim No. 9-1 be and the same hereby is ALLOWED as a Class 5 Unsecured Insider Claim, in the total amount of $4.7 million (the "Allowed Halton Claim"), subject to all payments to Accurate and the Lokshin Entities thereon being made herein.

5.      Any funds to be distributed by the Disbursing Agent by and on account of the Class 5 Allowed Halton Claim shall be paid first to Accurate, up to the sum of $1.65 Million, and then to the Lokshin Entities up to the sum of $2.5 million.

6.      At the time that distributions are to be made to Class 5 claimants in this case under the Second Amended Plan or any other Plan confirmed in these cases, then, if, by that time, the Lokshin Entities have received the full Lokshin Recovery ($2.5 million) from the West 16th Street Property Sale or other monetization of the Lokshin Entities' West 16th Street interest, then the Lokshin Entities shall not share in any way in the distributions made on account of the Allowed Halton Claim herein.

4

7.    But, if by the time that distributions are to be made to Class 5 claimants in this case under the Second Amended Plan or any other Plan confirmed in these cases, the West 16th Street Sale has not been completed and the Lokshin Entities have received no payment on account of West 16th Street (or has received a sum on account of West 16th Street that is less than $2.5 million), then the Disbursing Agent under the confirmed plan shall direct all distributions on the Allowed Halton Claim following the distributions made in ¶5 above, to the Lokshin Entities up to the amount necessary to achieve an aggregate combined payment to the Lokshin Entities (from the West 16th Street Sale and from these cases) of the Lokshin Recovery, i.e., $2.5 million. Example 1: If the Lokshin Entities have received $2.0 million from the West 16th Street Sale, as of the date that distributions are to be made herein, the Lokshin Entities will receive from the Disbursing Agent the first $500,000 otherwise due to be distributed to Halton on account of the Allowed Halton Claim, following payment of Accurate pursuant to paragraph 5 hereof. Example 2: If the Lokshin Entities have received no funds from the West 16th Street Property Sale, as of the date that distributions are being made to Class 5 Claimants herein, then the Lokshin Entities, as assignee of the Allowed Halton Claim, will receive the first $2.5 million being distributed on account of the Allowed Halton Claim, following payment of Accurate pursuant to paragraph 5 hereof.

8.    To the extent that the West 16th Street Property Sale has not been consummated prior to the time at which distributions are made hereunder, whereupon the Lokshin Entities receive up to $2.5 million from distributions on account of the Allowed Halton Claim (see Examples 1 and 2, above), the Lokshin Entities hereby assign to Halton all of their interest in any and all future distributions made on account of the West 16th Street Property over and above the Lokshin Recovery. It is the intention of this Stipulation that Halton shall receive from the

5

Lokshin Entities the proceeds of the Lokshin Entities' interests in the West 16th Street Property, once the Lokshin Entities have first received the Lokshin Recovery from the distribution allocated to the Halton Claim.

9.    Upon receipt of $1.65 million, pursuant to the terms hereof, Accurate hereby assigns to Halton certain of its rights and claims against Toledano up to 50% of Halton's contributions. Accurate will provide Halton with all appropriate documentation to effectuate the assignment. Halton may use the judgments to collect up to $900,000 from Toledano, it being understood that his claims against Toledano pursuant to those judgments are in the nature of reimbursement and contribution. However, prior to pursuing any collection effort against Toledano, Halton will provide Toledano with a period of one year from the date hereof to repay $900,000 to Halton.

10.    Upon the Court's entry of this Stipulation and Order, Accurate will stipulate to vacate the TRO it obtained against Toledano in the New York State Supreme Court, Kings County; however, the TRO will be automatically deemed reinstated on consent if Accurate is not paid the full Accurate Recovery by October 31, 2017.

11.    In the event that the Accurate Claims are not paid in full under the Plan, the provisions set forth in paragraph 9 above shall be null, void and of no force or effect *ab initio*. Further, in the event that Accurate does not receive the full Accurate Recovery under the Plan, any funds that are received by Accurate shall be applied against the judgments and Halton and Toledano shall be jointly and severally responsible for any remaining balance of the judgments. In the event that Accurate shall not receive the sum of $1.65 million from the initial distribution under the Plan, the Insiders shall have 60 days within which to pay Accurate the difference between $1.65 million and the amount received by Accurate upon said initial distribution, and

6

Accurate shall forbear from seeking to collect on its claims against the Insiders during such 60 day period.

12.    Upon receipt of $2.5 million, the Lokshin Entities hereby release the Insiders and their successors, representatives and attorneys, and the Insiders each release the Lokshin Entities and their successors, affiliates, members, representatives and attorneys, from any and all claims that they have or may have against each other.  Upon payment of the full Lokshin Recovery pursuant to the terms hereof, the Lokshin Entities will issue such releases and documentation as is necessary to effectuate this release, including releases of recorded interests against Toledano related properties.  But if the distributions envisioned pursuant to this Stipulation and Order do not reach the Lokshin Recovery amount of $2.5 million, then in such case, there will be a deficiency (the "Deficiency") (Example: If the Lokshin Entities receive $2.0 million from the two sources of: (i) distributions in these cases, and (ii) from West 16th Street, then, the "Deficiency" would be $500,000) then non-debtor Toledano shall remain liable to the Lokshin Entities only for the Deficiency.    In the case of a Deficiency, non-debtor Raphael Toledano shall remain liable to the Lokshin Entities for the Deficiency on the following terms and conditions:    (i) Toledano shall execute and deliver to the Lokshin Entities a Confession of Judgment in favor of the Lokshin Entities for the amount of the Deficiency (the Lokshin Claim shall not be reduced to the Deficiency amount vis a vis non-debtor Toledano unless and until Toledano executes the Confession of Judgment and delivers it to the Lokshin Entities); (ii) the Lokshin Entities may immediately record and docket the Confession of Judgment as a final judgment (the "Judgment"), and the recorded Judgment shall be for the Deficiency plus any future costs of collection; (iii) notwithstanding the foregoing, the Lokshin Entities shall take no steps to levy or collect on the Judgment for the Deficiency for a period of one year from the date

7

of entry of this Stipulation and Order; (iv) if the Judgment is not paid in full within the one year

period, the Lokshin Entities shall have all rights to collect against Toledano as a judgment

creditor. Finally, the release requirements listed in the first two sentences of this paragraph 12

shall apply once the Judgment has been paid in full.

13.    Notwithstanding anything in this Stipulation and Order to the contrary, the parties

recognize that there is no representation as to what, if any, will be the amount of the final

distribution on account of the Halton Claim.

14.    To the extent that due to the actions or omissions of Raphael Toledano,  the

Lokshin Entities sole recovery under this Stipulation are on account of the Allowed Halton

Claim in this case and not on account of the West 16th Street Property ( e.g., if Raphael

Toledano were to fail to comply with the obligations contained in Exhibit B hereto such that the

value anticipated from West 16th Street for the Lokshin Entities is lost), then Halton shall have

the right to pursue Toledano for reimbursement  of the amount paid to the Lokshin Entities on

account of the Allowed Halton Claim hereunder, up to $2.5 million.  Solely for the purposes of

the operation of this paragraph, the Lokshin Entities' Release, which pursuant to paragraph 12

hereof would otherwise be given once the sum of $2.5 million is received, shall not serve as a bar

to Halton's exercise of his rights hereunder .  As an example, if the triggering event listed in the

first sentence of this paragraph 14 occurs, and Lokshin Entities receive $2.5 million on account

of the Allowed Halton Claim,  and Halton, through a recovery of the assignment granted in

paragraph 8 hereof,  receives just $1.0 million from West 16th Street, then Toledano shall be

liable to Halton for $1.5 million.

15.    Each person who executes this Stipulation (the "Stipulation and Order")

represents that he or she is duly authorized to execute this Stipulation on behalf of his or her

8

respective party hereto and that such party has full knowledge of and has consented to the terms of this Stipulation.

16.    In the event of any ambiguity or question of intent or interpretation, this Stipulation and Order shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Stipulation.

17.    This Stipulation and Order may not be modified, altered, amended or vacated without the prior written consent of all parties hereto.

18.    The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry.

19.    As a condition precedent to the assignment and releases set forth in paragraph 12, above, the events described on Exhibit B hereto must have occurred.   If they have not occurred within 120 days of the date of entry of this Stipulation and Order, then paragraph 12 shall be null and void.


[signature page to follow]


9

3743263v7

ACCEPTED AND AGREED:

*Counsel for Abraham Lokshin, Naum Lokshin*
*and A&N Funding Co. LLC.*
**PORZIO, BROMBERG & NEWMAN, P.C.**

Name: Warren J. Martin Jr.
Dated: 8/14/2017

*Counsel for Debtors and Debtors-in-Possession*
**ROBINSON BROG LEINWAND**
**GREENE GENOVESE & GLUCK, P.C.**

Name: A. Mitchell Greene
Dated: 8/14/2017

*Counsel for Accurate Funding LLC*
**ZELMANOVITZ & ASSOCIATES PLLC**

Name: Menachem O. Zelmanovitz
Dated: 8/11/17


SO ORDERED:


Honorable Robert D. Drain
United States Bankruptcy Judge

Dated: White Plains, New York


*Special Claims Counsel for the Debtors*
**GOLDBERG WEPRIN FINKEL**
**GOLDSTEIN LLP**

Name: Kevin Nash
Dated:

*Counsel for Yonah Halton*
**BECKENROTH FRANKEL &**
**KRINSKY, LLP**

Name: Mark A. Frankel
Dated:


Name: Raphael Toledano
Dated:

10

3743263v7

**ACCEPTED AND AGREED:**

| | |
|---|---|
| *Counsel for Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC.* | *Special Claims Counsel for the Debtors* |
| **PORZIO, BROMBERG & NEWMAN, P.C.** | **GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP** |

Name: Warren J. Martin Jr.
Dated: 8/11/2017

Name: Kevin Nash
Dated: 8/14/17

*Counsel for Debtors and Debtors-in-Possession*
**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C.**

*Counsel for Yonah Halton*
**BECKENROTH FRANKEL & KRINSKY, LLP**

Name: A. Mitchell Greene
Dated:

Name: Mark A. Frankel
Dated:

*Counsel for Accurate Funding LLC*
**ZELMANOVITZ & ASSOCIATES PLLC**

Name: Menachem O. Zelmanovitz
Dated: 8/11/17

Name: Raphael Toledano
Dated: 8/14/17

**SO ORDERED:**

Honorable Robert D. Drain
United States Bankruptcy Judge

Dated: White Plains, New York

10

3743263v7

# EXHIBIT "A"

11

## EXHIBIT A

## ASSIGNMENT OF CLAIM

THIS ASSIGNMENT OF CLAIM (this "Assignment") is made by Yonah Halton (the "Assignor"), in favor of Abraham Lokshin, Naum Lokshin and A&N Funding Co. LLC (the "Lokshin Entities") and Accurate Funding LLC ("Accurate"). (The Lokshin Entities and Accurate shall collectively be referred to as the "Assignees") and relates to claims filed in that certain Chapter 11 Bankruptcy proceeding known as In re EAST VILLAGE PROPERTIES LLC, et al.,[2] Debtors (collectively, the "Case").

WHEREAS, the Assignor filed Claim No. 9-1 in the amount of $4,700,000 in the Case (the "Claim"); and

WHEREAS, the Lokshin Entities filed Claim No. 18-1 in the amount of $5,271,891.81 in the Case; and

WHEREAS, Accurate filed Claim No. 10-1 in the amount of $1,800,000 in the Case; and

WHEREAS, the Debtors filed Objections both to Assignor's and the Assignees' claims; and

WHEREAS, in resolution of these objections, Assignor and the Assignees have agreed to share in the Claim of Assignor pursuant to this Agreement, and to have all of Assignees' claims expunged;

NOW, THEREFORE, in consideration of these premises, the agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the parties hereto, the parties hereto hereby agree as follows:

SECTION 1. Purpose of Assignment. This assignment is made to effectuate the terms of that certain "Stipulation and Order Concerning Filed Claims of Yonah Halton, the Lokshin Entities and Accurate Funding, LLC" in the Case, to which this Assignment is annexed as Exhibit A, the purpose of which is to endeavor to assure Accurate a recovery of $1.65 Million in the Case and to assure the Lokshin Entities of a recovery of up to $2.5 Million in the aggregate (the "Lokshin Recovery") out of: (i) that certain property known as 125 West 16th Street, and (ii) in the Case.

.

---

[2] The debtors ("Debtors") in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

12

3743263v7

SECTION 2: Assignment. The Assignor hereby transfers and assigns to the Assignees any right, title and interest held by the Assignor in and to the Claim first to Accurate until Accurate shall have received the sum of $1.65 million distributed or paid on account of the Claim, and thereafter to the Lokshin Entities, in accordance with the terms and conditions set forth in that certain "Stipulation and Order Concerning Filed Claims of Yonah Halton, the Lokshin Entities and Accurate Funding, LLC" executed by the parties contemporaneously herewith and filed in the Case.

SECTION 3: Governing Law. This Assignment shall be governed by and construed under the laws of the State of New York, without giving effect to any conflict of laws rules which would require the application of the law of a state other than the State of New York.

SECTION 4: Venue. The Assignees and Assignor hereby consent and agree that the United States Bankruptcy Court for the Southern District of New York presiding over the Case shall have exclusive jurisdiction to hear and determine any claims or disputes between any of the Parties relating to this Assignment, the transactions contemplated by this Assignment, or any matter arising out of or related to this Assignment while the Case remains open and thereafter, jurisdiction shall be with the state and federal courts located within the state, city and county of New York,

SECTION 5: Successors and Assigns. This Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

SECTION 6: Notices. All demands, notices, consents and communications hereunder shall be in writing and shall be deemed to have been duly given when hand-delivered or duly deposited in the mails, by certified or registered mail, via electronic mail, or via overnight courier, receipt verified, to the address set forth herein, or such other address as may be furnished hereafter by notice in writing.

| | |
|---|---|
| If to the Lokshin Entities: | Porzio, Bromberg & Newman, P.C.<br>Attn: Warren J. Martin Jr., Esq.<br>156 West 56th Street<br>Suite 803<br>New York, New York 10019-3800<br>wjmartin@pbnlaw.com |
| If to Accurate: | Zelmanovitz & Associates PLLC<br>Attn: Menachem O. Zelmanovitz, Esq.<br>1211 Avenue of the Americas, 40th Floor<br>New York, New York 10036<br>mendy@zelmlaw.com |
| If to the Assignor: | Backenroth, Frankel & Krinsky, LLP<br>Attn: Mark Frankel, Esq.<br>800 Third Avenue, 11th Floor<br>New York, New York 10002 |

13

3743263v7

EXECUTED as of this _____ day of _____, 2017.

ASSIGNOR:  YONAH HALTON

By:_____

ASSIGNEE:  ABRAHAM LOKSHIN, NAUM LOKSHIN
and A&N FUNDING CO. LLC

By:_____

ASSIGNEE:  ACCURATE FUNDING LLC

By:_____

15

3743263v7

# EXHIBIT "B"

3743263v7

## EXHIBIT B

As a condition precedent to Raphael Toledano receiving a release from the Lokshin Entities as set forth herein:  (i) on a budget of $100,000, Raphael Toledano shall have delivered to Robinson Brog releases of all tenant's rights and claims in connection with tenant buyouts/leasehold interests on the West 16th Street Property; (ii) Raphael Toledano shall execute and deliver to the Lokshin Entities as well as to Robinson Brog and/or their designee(s), documents evidencing  Raphael Toledano's unconditional and irrevocable surrender of all of his right, title and interest, direct or indirect, in and to the non-Debtor West 16th Street Property together with a true and complete copy of all leases, rent histories, books and records relating to the West 16th Street Property in his possession or in the possession of Brookhill Properties, and (iii) Raphael Toledano shall execute and deliver to Robinson, Brog (attention:  Mitchell Greene, Esq., amg@robinsonbrog.com) and Porzio, Bromberg & Newman, P.C. (attention: Warren J. Martin Jr., wjmartin@pbnlaw.com) letters directing Belkin Burden Wenig and Goldman LLP as well as any other law firms retained by Raphael Toledano with respect tenant matters and occupancies at the West 16th Street Property to deliver to Porzio, Bromberg & Newman and to Robinson Brog true and complete copies of all DHCR papers, buyout, surrender or similar agreements, evidence of all payments made to tenants and all other documents and instruments relating the tenancies and occupancies at the West 16th Street Property.

3743263v7