**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
875 Third Avenue, 9th Floor
New York, New York 10022-0123
Tel. No.: 212-603-6300
**A. Mitchell Greene**
*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

**EAST VILLAGE PROPERTIES, LLC,**
*et al.*[1]

                           Debtors.

-------------------------------------------------------X

Chapter 11

Case No.: 17-22453 (RDD)

(Jointly Administered)

## STIPULATION AND ORDER

**WHEREAS**, East Village Properties, LLC and its affiliates, the Debtors and the Debtors in possession herein (the "Debtors"), each filed voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 28, 2017 (the "Petition Date"), and have remained in the possession of their property and in the management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, Richard Echevarria ("Plaintiff"), by his attorneys, Bornstein & Emanuel, P.C. commenced an action against 229 East Fifth Street, LLC and East Village Properties LLC in the Supreme Court of the State of New York, County of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtors' taxpayer identification number are as follows: East Village Properties LLC (1437); 223 East 5th Street LLC (8999); 229 East 5th Street LLC (8348); 231 East 5th Street LLC (4013); 233 East 5th Street LLC (8999); 235 East 5th Street LLC (1702); 228 East 6th Street LLC (2965); 66 East 7th Street LLC (1812); 27 St Marks Place LLC (1789); 334 East 9th Street LLC (7903); 253 East 10th Street LLC (4317); 325 East 12th Street LLC (0625); 327 East 12th Street LLC (7195); 329 East 12th Street LLC (0475); 510 East 12th Street LLC (1469); and 514 East 12th Street LLC (7232).

{00929537.DOCX;1 }1

Kings, captioned: Richard Echevarria v. 229 East 5th Street, LLC and East Village Properties LLC, Index No. 503403/2017 (the "State Court Action") alleging that 229 East 5th Street, LLC and East Village Properties LLC are liable to Plaintiff for personal injury purportedly suffered by Plaintiff due to a fall at the premises;

**WHEREAS**, the liability of the debtor-defendants, if any, with respect to the State Court Action may be covered by the debtor-defendants' applicable insurance in place at the time of the alleged loss;

**WHEREAS**, as a result of the commencement of the Debtors' Chapter 11 cases, the continuation of the State Court Action was stayed by operation of § 362(a) of the Bankruptcy Code;

**WHEREAS,** Plaintiff seeks relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code in order to proceed in the State Court Action and pursue his claims against 229 East 5th Street, LLC and East Village Properties LLC to the extent valid and collectible insurance coverage covering the alleged loss was in force at the time of the alleged loss;

**WHEREAS,** Plaintiff has agreed to limit his recovery of any judgment rendered or settlement reached in the State Court Action as against 229 East 5th Street, LLC and East Village Properties LLC to the proceeds of the available insurance in effect at the time of the alleged loss; and

**WHEREAS,** the parties desire to resolve their disputes without the need for further litigation in Bankruptcy Court:

**IT IS HEREBY STIPULATED AND AGREED,** by the attorneys for the Debtors and Plaintiff, that:

1.      Upon the approval of this Stipulation and Order by the Bankruptcy Court, the automatic stay imposed by § 362(a) of the Bankruptcy Code is hereby modified to permit Plaintiff to proceed with the State Court Action so that he may pursue his claims against 229 East 5th Street, LLC and East Village Properties LLC to the extent of available insurance coverage, if any, at the time of the alleged loss.  Any judgment awarded against 229 East 5th Street, LLC and East Village Properties LLC or other recovery by Plaintiff shall be only against the proceeds of the Debtors' insurance policy number WPP 0063955 00 12 (the "Policy") with Wesco Insurance Policy and the Debtors' excess insurance policy number PPP7458920 with XL Catlin .

2.      Plaintiff hereby waives, relinquishes, and discharges any direct or indirect claim or recovery against the Debtors or the assets or property of the Debtors' estates (including, without limitation, with respect to any deductible or self-insured retention component, to the extent applicable, and any deficiency that may arise by virtue of the results obtained in the State Court Action), other than the available insurance coverage under the applicable Policy limits as a result of any judgment rendered or settlement reached in the State Court Action.

3.      Except as expressly set forth herein, the provisions of the automatic stay, including without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors from and against any assets or property of the estates (as defined in § 541 of the Bankruptcy Code), shall remain in full force and effect.  Neither Plaintiff nor any of his agents shall take any action or attempt to cause any action to be taken to collect all or any portion of any judgment obtained or settlement reached from the assets and property of the Debtors or the Debtors' estates, without prejudice to

Plaintiff's rights of recovery from the available insurance proceeds under the Policy that was in force at the time of the alleged loss.

4.    Nothing set forth herein shall be deemed to constitute an admission by the Debtors. Nor shall anything contained herein constitute or operate as a general waiver or modification of the automatic stay that would permit the prosecution against the Debtors of any other claims or actions by any persons or entity other than Plaintiff with respect to the State Court Action.

5.    This Stipulation and Order is subject to Bankruptcy Court approval and shall only be effective when "SO ORDERED" by the Bankruptcy Court. If this Stipulation and Order is not approved by the Bankruptcy Court within 90 days of the date below, it shall be null and void and shall not be referred to or used, for any purpose, by any of the parties hereto or any parties to the State Court Action.

6.    This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. This Stipulation and Order may be executed by facsimile or PDF signature, and such signatures will be deemed to be as valid as an original signature, whether or not confirmed by delivery of the original in person.

7.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes between the parties arising with respect to this Stipulation and Order and this Stipulation and Order may not be amended or modified except by further Order of this Court.

**DATED:**    New York, New York
April 24, 2018

**ROBINSON BROG LEINWAND**
**GREENE GENOVESE & GLUCK P.C.**
**Attorneys for the Debtors**

{00929537.DOCX;1 }4

875 Third Avenue, 9th Floor
New York, New York 10022
Tel No.: 212-603-6300

By: /s/ A. Mitchell Greene
A. Mitchell Greene

**BORNSTEIN & EMANUEL, P.C.**
**Attorneys for Plaintiff Richard Echevarria**
200 Garden City Plaza, Suite 201
Garden City, New York 11530
Tel No.: 516-227-3777

By: /s/ Anthony Emanuel
Anthony Emanuel

**HANNUM FERETIC PRENDERGAST & MERLINO, LLC**
Attorneys for the Debtors
One Exchange Plaza
55 Broadway, Suite 202
New York, NY 10006
Phone: (212) 530-3931
Facsimile: (212) 530-3910
Email: jerickson@hfpmlaw.com

By: /s/ Jessica M. Erickson
Jessica M. Erickson

**SO ORDERED:**

**/s/Robert D. Drain**
**United States Bankruptcy Judge**

**Dated: White Plains, New York**
           **April 30, 2018**